[Cite as *State v. Gueli*, 2018-Ohio-997.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                          Court of Appeals No.  WD-17-028

        Appellee                                   Trial Court No.  15 CR 278

v.

Shawn Gueli                                           **DECISION AND JUDGMENT**

        Appellant                                  Decided:  March 16, 2018

* * * * *

Paul Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Mollie B. Hojnicki-Mathieson, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from an April 17, 2017 sentencing judgment of the Wood

County Court of Common Pleas, ordering appellant to serve a 60-day period of

incarceration for appellant's violation of the terms of appellant's intervention in lieu of conviction program.

{¶ 2} The trial court placed appellant in the intervention in lieu program following appellant's convictions on one count of theft, in violation of R.C. 2913.02, a misdemeanor of the first degree, and one count of breaking and entering, in violation of R.C. 2911.13, a felony of the fifth degree.

{¶ 3} For the reasons set forth below, this court reverses the sentencing judgment of the trial court and remands the matter to the trial court for the limited purpose of resentencing in order to rectify the failure to give appellant credit for time served as it potentially impacts appellant's consequences of probation in this case.

{¶ 4} Appellant, Shawn Gueli, sets forth the following assignment of error:

"NO. 1: APPELLANT'S SENTENCE IS CONTRARY TO LAW."

{¶ 5} The following undisputed facts are relevant to this appeal. On June 23, 2015, appellant, along with several accomplices, broke into a vacant home located in Dunbridge, Ohio. Appellant stole a Nintendo gaming system from the home. Appellant was subsequently arrested at an area park and the stolen gaming system was recovered.

{¶ 6} On August 20, 2015, appellant was charged with one count of theft, in violation of R.C. 2913.02, a misdemeanor of the first degree, and one count of breaking and entering, in violation of R.C. 2911.13, a felony of the fifth degree. On January 20,

2.

2016, appellant entered guilty pleas to both counts. In exchange, appellant was placed in an intervention in lieu of conviction program.

{¶ 7} On September 23, 2016, a violation of the terms of the intervention in lieu program was filed against appellant. On January 9, 2017, appellant failed to appear at the violation hearing. On February 14, 2017, appellant appeared before the trial court and stipulated to the violation of the intervention plan. Accordingly, appellant was terminated from the intervention program and the matter was set for a sentencing hearing.

{¶ 8} On April 17, 2017, appellant was sentenced to a term of incarceration of 180 days regarding the theft conviction, with 120 days suspended. In the course of sentencing appellant, the trial court failed to give appellant credit for the considerable amount of time appellant had already served in the case. The scope of this appeal is limited to the propriety of the absence of credit for time served in appellant's trial court sentence.

{¶ 9} The record reflects that during the pendency of this matter, appellant served a total of 80 days incarceration in the Wood County Justice Center based upon the offense. The record reflects that appellant was not given credit for the time served. The sentencing entry makes no mention of the time served by appellant in this matter nor does it grant any credit for it. While appellant is no longer incarcerated, the subject trial court omission is not moot as appellant remains on probation in connection to this case. This appeal ensued.

3.

**{¶ 10}** In the sole assignment of error, appellant maintains that the underlying trial court sentence was contrary to law given the trial court's failure to award appellant credit for the time served by appellant in this case. We concur.

**{¶ 11}** R.C. 2949.08(C)(1) unequivocally mandates, "If the person is sentenced to a jail for a felony or a misdemeanor * * * *shall reduce the sentence* of a person delivered into the jailer's custody * * * by the total number of days the person was confined for any reason arising out of the offense for which the person was convicted and sentenced." (Emphasis added).

**{¶ 12}** It is well-established that appellate court sentencing review is no longer conducted pursuant to the abuse of discretion standard of review. Pursuant to R.C. 2953.08(G)(2), an appellate court may increase, decrease, modify, or vacate and remand a disputed trial court sentence if it clearly and convincingly is demonstrated that either the record of evidence did not support applicable statutory findings or the sentence is otherwise contrary to law. *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11.

**{¶ 13}** Notably, appellee concedes, "[T]he determination of his jail time credit may only be reversed if there is plain error * * * [T]he miscomputation of jail time credit is plain error." Appellee simultaneously maintains that there was nevertheless no error in this case inasmuch as the 80 days of credit for time served that was not granted by the trial court in the theft sentence *could be granted in the future* if the trial court imposes an

4.

additional term of incarceration for the related breaking and entering conviction. (Emphasis added). We are not convinced.

{¶ 14} The record reflects that appellant retains a 120-day suspended term of incarceration directly arising from the theft conviction. Accordingly, the failure of the trial court to award appellant credit for time served of 80 days in that case, contrary to the express R.C. 2949.08(C)(1) mandate, renders that aspect of the sentence improper.

{¶ 15} Wherefore, we find the sentence to be contrary to law, in contravention of R.C. 2949.08(C)(1) and R.C. 2953.08(G)(2). We find appellant's sole assignment of error to be well-taken.

{¶ 16} As such, the April 17, 2017 sentencing judgment of the trial court is hereby reversed. Although appellant's convictions are not implicated by this opinion, the matter must nevertheless be remanded to the trial court in order for appellant to be resentenced in conformity with R.C. 2949.08(C)(1), so that the sentence and the record may properly reflect an award to appellant of the 80 days that appellant previously served in this case. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.            _____

                        JUDGE

Thomas J. Osowik, J.

    _____

James D. Jensen, J.                              JUDGE
CONCUR.

    _____

                        JUDGE