[Cite as *State v. Jeko*, 2019-Ohio-2044.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No. L-18-1093

    Appellant                                      Trial Court No. CR0201602550

v.

Charles Danny Jeko                              **DECISION AND JUDGMENT**

    Appellee                                        Decided:  May 24, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellant.

Larry V. DiLabbio, for appellee.

* * * * *

**MAYLE, P.J.**

## Introduction

{¶ 1} The defendant-appellee, Charles Danny Jeko, was convicted of felonious

assault and sentenced by the Lucas County Court of Common Pleas to two years in

prison, with 353 days of jail time credit for those days he had been out of jail on bond and

subject to electronic monitoring. The state appealed. It argues that because the electronic monitoring was a condition of Jeko's pretrial bond and not as part of his sentence, it did not constitute "confinement" under R.C. 2967.191(A) and therefore, he was not entitled to any credit. As set forth below, we agree with the state, and we remand the case for resentencing.

**Facts and Procedural History**

{¶ 2} Jeko was indicted on April 25, 2016, on a single count of felonious assault in violation of R.C. 2903.11(A)(1) and (D), a felony of the second degree. According to the record, Jeko punched the victim, his ex-girlfriend, in the face with a closed fist and pushed her to the ground, causing injuries. Jeko appeared for a preliminary hearing before the Toledo Municipal Court on July 28, 2016, and was released on bond with the condition that he "BE PLACED ON GPS SUPERVISION [AND HAVE] NO CONTACT WITH THE VICTIM." The case was then bound over to the Lucas County Court of Common Pleas.

{¶ 3} Jeko's arraignment took place on September 14, 2016. According to the trial court's order, it "continued [Jeko's] bond at $50,000 with the following added conditions: 1) Defendant to be placed in Electronic Monitoring with no violations; 2) Defendant to submit to twice weekly drug testing including urinalysis, blood testing, or drug patch; 3) Defendant to submit to random Breathalyzer testing; 4) Defendant to have no direct or indirect contact with the victim."

2.

**{¶ 4}** Jeko was tried before a jury and convicted on January 24, 2017. He then filed a motion under Crim.R. 33(A)(6), requesting a new trial on the basis of newly discovered evidence. The trial court granted Jeko's motion, and the state appealed.

**{¶ 5}** Jeko remained on electronic monitoring as a condition of bond after his conviction and during the state's appeal. On June 29, 2017, while the appeal was still pending, Jeko moved to vacate the electronic monitoring portion of his bond. Jeko stressed that he had been on electronic monitoring for over 300 days without any violations, appeared on time for all court dates, and dutifully followed all of the terms and conditions of bond. The trial court initially denied the motion, but on August 28, 2017, it vacated the electronic monitoring condition of bond.

**{¶ 6}** On February 23, 2018, we reversed the trial court's grant of a new trial and remanded the case for sentencing. *State v. Jeko*, 6th Dist. Lucas No. L-17-1143, 2018-Ohio-665 (*Jeko I*). The sentencing hearing was held on March 21, 2018, at the conclusion of which the trial court sentenced Jeko to two years in prison, with 353 days of credit for time spent while under electronic monitoring. Both parties appealed. Jeko's appeal was dismissed, sua sponte, for failure to file a brief. The state asserts the following assignment of error:

> The trial court erred in reducing defendant's prison term by his time served on electronic monitoring before sentence was imposed.

3.

**Analysis**

{¶ 7} An appellate court may increase, decrease, modify, or vacate and remand a disputed trial court sentence if it clearly and convincingly is demonstrated that either the record of evidence did not support applicable statutory findings or the sentence is otherwise contrary to law. R.C. 2953.08(G)(2); *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11. An error in the computation of jail time credit is subject to review under R.C. 2953.08(G)(2). *See, e.g., State v. Gueli*, 6th Dist. Wood No. WD-17-028, 2018-Ohio-997.

R.C. 2967.191(A) provides for a reduction of prison time for related days of confinement. It provides, in relevant part, "[t]he department of rehabilitation and correction shall reduce the prison term of a prisoner * * * by the total number of days that the prisoner *was confined* for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial." (Emphasis added.) [1]

{¶ 8} "Confinement" is not defined within the criminal code, but it has been "deemed synonymous with the term 'detention'" as defined in R.C 2921.01(E). *State v. Sutton,* 6th Dist. Lucas No. L-03-1104, 2004-Ohio-2679, ¶ 13. Under R.C. 2921.01(E),

---

[1] Likewise, R.C. 2949.08, entitled "Confinement upon conviction; reduction of sentence for prior confinement," provides, in part: "(C) (1) If the person is sentenced to a jail for a felony * * * the jailer in charge of a jail shall reduce the sentence of a person delivered into the jailer's custody * * * by the total number of days the person was confined for any reason arising out of the offense for which the person was convicted and sentenced, including confinement in lieu of bail while awaiting trial * * *."

4.

"Detention" means arrest; confinement in any vehicle subsequent to an arrest; confinement in any public or private facility for custody of persons charged with or convicted of crime in this state or another state or under the laws of the United States or alleged or found to be a delinquent child or unruly child in this state or another state or under the laws of the United States; hospitalization, institutionalization, or confinement in any public or private facility that is ordered pursuant to or under the authority of section 2945.37, 2945.371, 2945.38, 2945.39, 2945.40, 2945.401, or 2945.402 of the Revised Code; confinement in any vehicle for transportation to or from any facility of any of those natures; detention for extradition or deportation; except as provided in this division, supervision by any employee of any facility of any of those natures that is incidental to hospitalization, institutionalization, or confinement in the facility but that occurs outside the facility; supervision by an employee of the department of rehabilitation and correction of a person on any type of release from a state correctional institution; or confinement in any vehicle, airplane, or place while being returned from outside of this state into this state by a private person or entity pursuant to a contract entered into under division (E) of section 311.29 of the Revised Code or division (B) of section 5149.03 of the Revised Code. For a person confined in a county jail who participates in a county jail industry program pursuant to section 5147.30 of the Revised

Code, "detention" includes time spent at an assigned work site and going to and from the work site.

{¶ 9} Whether the imposition of electronic monitoring constitutes "detention," and therefore "confinement" for purposes of jail time credit under R.C. 2967.191(A), depends upon the circumstances under which it is imposed. Here, Jeko was subjected to electronic monitoring as a condition of bond during both pre-trial *and* post-trial proceedings. Electronic monitoring was imposed as a pre-trial condition of bond between July 28, 2016 and January 24, 2017, the date of Jeko's trial. Then, after his conviction, Jeko remained on electronic monitoring as a condition of bond during the state's appeal of the trial court's grant of a new trial. On August 28, 2017, while the state's appeal was still pending, the trial court vacated the electronic monitoring condition of the bond. Ultimately, this court reversed and remanded the case to the trial court, and Jeko was sentenced on March 21, 2018, to two years in prison with 353 days of credit for the total amount of time that Jeko spent while under electronic monitoring.[2]

{¶ 10} We have recognized that electronic monitoring that is imposed as a pre-trial condition of bond is generally not "detention" and, therefore, not "confinement" for purposes of R.C. 2967.191(A). *See Sutton*, 6th Dist. Lucas No. L-03-1104, 2004-Ohio-2679, at ¶ 12 ("[p]re-trial electronic monitoring at home is different from house arrest or electronic monitoring after conviction. A defendant receives no credit for time served

---

[2] By our count, Jeko spent a total of 396 days (not 353 days) on electronic monitoring—180 before trial (between July 28, 2016 and January 24, 2017) and 216 days after trial (between January 25 and August 28, 2017).

6.

before trial under R.C. 2967.191 or R.C. 2949.08(C)(1) while on pre-trial electronic monitoring, and requests for time credit that argued that pre-trial electronic monitoring is 'confinement in lieu of bail awaiting trial' have been denied on the ground that pre-trial electronic monitoring is not detention." (Citations omitted.)); *see also State v. Gapen*, 104 Ohio St.3d 358, 2004-Ohio-6548, 819 N.E.2d 1047, ¶ 72 ("[P]retrial electronic home monitoring was not intended to be a form of detention under R.C. 2921.01(E)."). The rationale for this rule is simple: electronic monitoring *is* "detention" under R.C. 2921.01(E)—and therefore *is* "confinement" for purposes of jail time credit under R.C. 2967.191—where the defendant could be prosecuted for escape from the electronic monitoring (where, for example, the electronic monitoring is imposed as a criminal sentence or community control sanction). *See State v. Holmes*, 6th Dist. Lucas No. L-08-1127, 2008-Ohio-6804, ¶ 19; *State v. Reed*, 6th Dist. Erie No. E-17-037, 2019-Ohio-1266, ¶ 18. In contrast, a defendant cannot be prosecuted for escape for violating an electronic monitoring condition of pretrial bond—although, of course, the trial court could revoke bond for any such violation. *See* Crim.R. 46(I); R.C. 2927.35.

{¶ 11} Accordingly, we find that Jeko was not entitled to jail time credit for those days that he was subject to electronic monitoring before his January 24, 2017 trial because he was not subject to "detention" or "confinement" during that time. *See also State v. Johnson*, 2d Dist. Montgomery No. 27937, 2018-Ohio-4142, ¶ 21 ("[T]rial courts may not treat a defendant's electronically-monitored home confinement, imposed as a

7.

condition of bail, as here, as tantamount to being held in jail in lieu of bail for purposes of allocating jail-time credit.").

{¶ 12} Moreover, in this case, we find that this same rationale applies to Jeko's electronic monitoring between January 24, 2017, the date of his conviction, and August 28, 2017, the date that the trial court vacated the electronic monitoring condition of bond. Jeko's electronic monitoring was a pretrial condition of his bond that extended after his conviction, while the state pursued its first appeal. It was not a condition of any sentence, and had he violated the terms of the electronic monitoring, he would not have been subject to prosecution, though presumably, his bond would have been rescinded. *See* Crim.R. 46(I); R.C. 2927.35. Under these circumstances, we find that Jeko's postconviction/pre-sentence electronic monitoring was not "detention"—and therefore not "confinement" under R.C. 2967.191(A)—and, consequently, he was not entitled to jail-time credit for that time. *Accord State v. Shearer,* 6th Dist. Wood No. WD-98-078, 1999 Ohio App. LEXIS 6016 (Dec. 17, 1999) (The "period of [defendant's] electronic home monitoring [while prosecuting his appeal] does not equate to 'confinement' for purposes of affecting [his] sentence." *Id.* at *7, citing *Ex parte Bailey v. Chance,* 7th Dist. Mahoning No. 98CA169, 1998 Ohio App. LEXIS 4401, *8 (Sept. 19, 1998)).

{¶ 13} The state's sole assignment of error is found well-taken.

## Conclusion

{¶ 14} We find that the record contains clear and convincing evidence that Jeko's sentence is contrary to law. He was not entitled to jail time credit under R.C.

2967.191(A) for the time that he spent on electronic monitoring as a condition of bond because he was not "confined" during that time. We find the state's assignment of error well-taken, reverse the judgment of the trial court awarding Jeko 353 days of jail time credit, and remand the matter to the trial court for resentencing. It is so ordered. Jeko is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

_____
JUDGE

Thomas J. Osowik, J. _____

Christine E. Mayle, P.J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.