DECISION AND JUDGMENT
{¶ 1} This accelerated appeal comes to us from a judgment issued by the Lucas County Court of Common Pleas dismissing appellant's petition for postconviction relief. Because we conclude that the trial court properly dismissed the petition, we affirm. *Page 2 
 {¶ 2} In May 2008, appellant, Douglas C. Smith, pro se, filed a petition seeking postconviction relief regarding his convictions in three separate cases. In 1994, appellant entered Alford pleas[1] in case numbers CR 94-5289 and CR93-7458, and was convicted and sentenced on two counts of robbery. The court imposed sentences of eight to fifteen years as to each conviction, to be served concurrently. In June 1996, appellant sought postconviction relief for those convictions which was denied by the trial court and affirmed on appeal. See State v.Smith (Oct. 31, 1997), 6th Dist. No. L-97-1215. The court subsequently also denied several motions for judicial release filed by appellant.
 {¶ 3} According to the record, however, appellant was eventually released on parole. In 2002, appellant was again indicted on, and pled guilty to, three counts of robbery in case CR02-1237. The court imposed the following sentence as to those convictions: three years in prison as to each count, to be served consecutively to each other and to any parole violation in case numbers CR 94-5289 and CR93-7458.
 {¶ 4} Appellant did not appeal those convictions, but in September 2007, he moved for jail-time credit. In November 2007, the trial court denied appellant's motion, stating that it had properly calculated the days he was to be credited. In May 2008, appellant again sought postconviction relief, arguing, again, that he was not properly credited for jail time, and that his sentences were void pursuant to State v.Colon. The trial court granted motions to dismiss and for summary judgment in favor of the state. *Page 3 
 {¶ 5} Appellant now appeals from that judgment, arguing three assignments of error.
 I. {¶ 6} In his first assignment of error, appellant essentially argues that his petition for postconviction was valid because the mens rea element was omitted from his indictments, as discussed in State v.Colon, 118 Ohio St.3d 26, 2008-Ohio-1624 ("Colon I") which addressed defective indictments.
 {¶ 7} R.C. 2953.23(A) provides, in pertinent part, that a court may not entertain a postconviction relief petition filed more than 180 days after the filing of the trial transcript in the court of appeals, unless the petitioner shows both of the following: (1) that he was unavoidably prevented from discovery of relevant facts or the United States Supreme Court has "recognized a new federal or state right that applied retroactively to persons in the petitioner's situation; and (2) that the petitioner demonstrates "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense" of which he was convicted.
 {¶ 8} In State v. Colon, 119 Ohio St.3d 204, 2008-Ohio-3749
("Colon II"), the court clarified its decision in Colon I. The court explained that the rule announced in Colon I was prospective in nature, i.e., that it only applied to those cases which were pending on appeal or filed after its pronouncement on April 9, 2008. Colon II,2008-Ohio-3749, ¶ 5. *Page 4 
 {¶ 9} In this case, appellant has failed to set forth any newly discovered facts or that the United States Supreme Court has recognized any new federal or state rights. Therefore, appellant did not meet the requirements for the first prong of R.C. 2953.23(A)(1). In addition, appellant's appeal from his conviction was decided in 1997, well beforeColon I. No other appeal was filed, nor was an application for a reopening filed or pending at the time that appellant filed his postconviction petition in 2008. Consequently, Colon I was not applicable to appellant's conviction, and appellant may not assert any defective indictment claims under the second prong of R.C. 2953.23(A)(1). Therefore, the trial court properly dismissed appellant's petition for postconviction relief.
 {¶ 10} Accordingly, appellant's first assignment of error is not well-taken.
 II. {¶ 11} In his second assignment of error, appellant appears to argue that the trial court's sentence was improperly imposed because the court ordered it to be consecutive to any re-instated sentences resulting from his alleged parole violations.
 {¶ 12} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment."State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. Consequently, errors in *Page 5 
sentencing must be raised on direct appeal. State v. Reynolds (1997),79 Ohio St.3d 158, 161.
 {¶ 13} In this case, the appellant failed to appeal from any alleged error in sentencing related to any of the cases consolidated on appeal. Therefore, any such issues are res judicata and may not be addressed on postconviction.
 {¶ 14} Accordingly, appellant's second assignment of error is not well-taken.
 III. {¶ 15} In his third assignment of error, appellant argues that he was not given proper credit for the jail time credited to him by the trial court. We note that the trial court did not directly address this issue, although it was included in appellant's postconviction motion.
 {¶ 16} The Adult Parole Authority has the duty to grant jail-time credit; however, the trial court has the duty to properly calculate the number of days to be credited. See State v. Fair (2000),136 Ohio App.3d 184. Because the number of days of credit to which a defendant is entitled to must be stated in the trial court's sentencing entry, in order to challenge the trial court's calculation of jail-time credit, an appellant must appeal from the trial court's entry imposing sentence.State ex rel. Rankin v. Ohio Adult Parole Auth., 98 Ohio St.3d 476,2003-Ohio-2061, at ¶ 10. Furthermore, when jail-time credit is denied because days were not properly classified, it is a substantive claim that must be brought to the court's attention at sentencing or on direct appeal. State v. McLain, 6th Dist. No. L-07-1164, 2008-Ohio-481, ¶ 11-12. Failure to timely raise these concerns *Page 6 
results in the issue being barred from further consideration by the doctrine of res judicata. Id. at ¶ 12.
 {¶ 17} In the present case, since appellant did not directly appeal any error regarding the substantive calculation of jail-time credits, he may not subsequently argue such alleged error in a postconviction motion. Therefore, his argument is without merit.
 {¶ 18} Accordingly, appellant's third assignment of error is not well-taken.
 {¶ 19} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, J., William J. Skow, P.J., CONCUR.
[1] Appellant entered pleas pursuant to Alford v. North Carolina
(1970), 400 U.S. 25. *Page 1