[Cite as *State v. DeMarco*, 2011-Ohio-5187.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 96605**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JUSTIN DEMARCO

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-543994

**BEFORE:**   Celebrezze, J., Kilbane, A.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:**   October 6, 2011

**FOR APPELLANT**

Justin DeMarco   (pro se)
4818 Elizabeth Lane
Brooklyn, Ohio   44144


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:    T. Allan Regas
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


FRANK D. CELEBREZZE, JR., J.:

{¶ 1}   Appellant, Justin DeMarco, appeals the denial of his motion for jail time credit.   Prior to conviction and sentencing, appellant spent 66 days in jail.   He claims this time must be credited against his prison sentence.   The state asserts that appellant was incarcerated due to a probation violation the entire time he was awaiting trial.   After a thorough review of the record and case law, we agree with the state and affirm the trial court's determination.

{¶ 2}   On November 11, 2010, appellant was arrested and charged with domestic violence.   Just two weeks before, on October 25, 2010, appellant was sentenced to one year of community control after he pled guilty to attempted domestic violence, a fifth degree felony.   The journal entry of sentence in the prior case states that appellant could

be subject to, among other things, up to one year of incarceration for violations of community control.

{¶ 3} In the instant case, appellant pled guilty to domestic violence, a felony of the fourth degree. On January 13, 2011, he was sentenced to a six-month term of incarceration and three years of postrelease control. At sentencing, the trial court recognized that appellant was incarcerated for violating the terms of community control in the prior case and ordered that appellant would not receive any credit for time spent in jail awaiting trial.

{¶ 4} On March 3, 2011, appellant filed a pro se motion for jail time credit with the trial court. The court denied the motion on March 10, 2011. After a failed motion for reconsideration, appellant filed the instant appeal.

## Law and Analysis

{¶ 5} Appellant now claims that "[t]he trial court committed harmful error in failing to give [appellant] jail time credit for the time he was confined in Cuyahoga County Jail." However, before addressing appellant's assigned error, the state asserts that any such argument is barred by the doctrine of res judicata.

{¶ 6} Res judicata involves both claim preclusion, which historically has been called estoppel by judgment, and issue preclusion, which traditionally has been referred to as collateral estoppel. *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381, 1995-Ohio-331, 653 N.E.2d 226. Under the claim preclusion branch of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim

arising out of the transaction or occurrence that was the subject matter of the previous action." Id. at the syllabus. Issue preclusion, or collateral estoppel, precludes relitigation of an issue that has been "actually and necessarily litigated and determined in a prior action." *Krahn v. Kinney* (1989), 43 Ohio St.3d 103, 107, 538 N.E.2d 1058.

{¶ 7} In *State v. Deal*, Hancock App. No. 5-08-15, 2008-Ohio-5408, the Third District found that where a sentencing entry set forth that a defendant would receive no credit for time served prior to conviction, an argument raised in a postconviction motion for jail time credit was barred by res judicata. The court reasoned that the appellant "could have asserted in a direct appeal that the trial court erred in failing to credit him for additional jail time served." Id. at ¶9, citing *State v. Lynn*, Van Wert App. No. 15-06-16, 2007-Ohio-3344; *State v. Williams*, Allen App. No. 1-03-02, 2003-Ohio-2576. See, also, *State v. Smith*, Lucas App. Nos. L-08-1283, L-08-1286, and L-08-1287, 2009-Ohio-1538, ¶16 ("Because the number of days of credit to which a defendant is entitled to must be stated in the trial court's sentencing entry, in order to challenge the trial court's calculation of jail-time credit, an appellant must appeal from the trial court's entry imposing sentence.").

{¶ 8} Here, it is clear that the trial court's January 13, 2011 sentencing entry sets forth that appellant would receive no jail time credit. That issue was final and appealable at that time. Because appellant did not file an appeal from that order, the instant argument is barred by res judicata.

{¶ 9} Even if appellant had properly preserved this issue for appeal, his argument that *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, stands for the proposition that he must receive credit for time served awaiting trial is incorrect.

{¶ 10} It is the trial court's responsibility to calculate any credit a defendant should receive for time spent in confinement prior to the commencement of a prison sentence. *State v. Smith* (1992), 71 Ohio App.3d 302, 303-304, 593 N.E.2d 402. R.C. 2967.191 provides, "[t]he department of rehabilitation and correction shall reduce the stated prison term * * * by the total number of days that the prisoner was confined for any reason *arising out of the offense for which the prisoner was convicted and sentenced * * *.*" (Emphasis added.) The statute "does not entitle a defendant to jail-time credit for any period of incarceration which arose from facts which are separate and apart from those on which his current sentence is based." *Smith* at 304.

{¶ 11} In *Fugate*, the Ohio Supreme Court found that "[w]hen a defendant is sentenced to concurrent prison terms for multiple charges, jail-time credit pursuant to R.C. 2967.191 must be applied toward each concurrent prison term." Id. at the syllabus. *Fugate* involves concurrent prison terms that resulted from a single trial. This case is not applicable here, where appellant was incarcerated on an unrelated matter — violating the terms of his community control.

{¶ 12} The trial court did not err in denying appellant's motion for jail time credit where he was not entitled to credit and where appellant failed to appeal the sentence when

the trial court specifically stated that appellant would not get any credit.   Appellant's sole assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MARY EILEEN KILBANE, A.J., and
PATRICIA ANN BLACKMON, J., CONCUR