[Cite as *State v. Williams*, 2016-Ohio-8049.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 104155

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LAMAR E. WILLIAMS, JR.

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART, REVERSED IN PART,
AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-590579-A

**BEFORE:** Boyle, J., E.A. Gallagher, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** December 8, 2016

**FOR APPELLANT**

Lamar E. Williams, Jr.
Inmate No. A674-657
Lake Erie Correctional Institution
501 Thompson Road
P.O. Box 8000
Conneaut, Ohio   44030


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Jeffrey Michael Heller
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, J.:

{¶1}   Defendant-appellant, Lamar Williams, appeals from a judgment denying his motion for jail-time credit.   He raises one assignment of error for our review:

> The trial court erred by denying the appellant's motion for jail[-] time credit when the appellant was due an additional 176 days of jail-time credit.

{¶2}   While we disagree with Williams's argument that he failed to receive jail-time credit, we find that the trial court erred when it ordered the sheriff to calculate the amount of jail-time credit rather than do so itself.   Thus, we affirm in part, reverse in part, and remand for the trial court to calculate the amount of jail-time credit that Williams was entitled to.

## I.   Procedural History

{¶3}   In May 2014, Williams was indicted on domestic violence charges in Cuyahoga C.P. No. CR-14-584145-A.   On July 29, 2014, Williams pleaded guilty to an amended indictment of first-degree misdemeanor assault in violation of R.C. 2903.13(A).   The trial court sentenced him to six months in jail, suspended his jail term, and ordered him to serve one year of probation.

{¶4}   In October 2014, Williams was indicted in Cuyahoga C.P. No. CR-14-590579-A on five counts, including aggravated burglary, kidnapping, attempted felonious assault, assault, and vandalism.   Williams was not arrested and placed in jail until May 27, 2015.

{¶5}   On May 29, 2015, the trial court placed a probation holder on Williams in Case No. CR-14-584145-A "until disposition of new case."

**{¶6}** On November 20, 2015, Williams pleaded guilty in Case No. CR-14-590579-A to an amended indictment of attempted burglary in violation of R.C. 2923.02 and 2911.12(B), assault in violation of R.C. 2903.13(A), and vandalism in violation of R.C. 2909.05(A). The trial court held a sentencing hearing on the same day as the plea hearing on Case No. CR-14-590579-A, as well as the probation violation case, Case No. CR-14-584145-A.

**{¶7}** In Case No. CR-14-590579-A, the trial court sentenced Williams to one year for attempted burglary, six months for assault, and one year for vandalism, all to be served concurrent to each other, for an aggregate prison sentence of one year. The trial court further advised Williams that he would be subject to a discretionary period of three years of postrelease control. Regarding jail-time credit, the trial court stated: "Jail credit days to be calculated by the sheriff. All time served is to be credited to PV in CR-14-584145."

**{¶8}** In Case CR-14-584145-A, the trial court issued the following judgment entry:

> Defendant, Lamar E. Williams, in open court represented by counsel for hearing on alleged probation violation. Hearing had. Court finds defendant, Lamar E. Williams, to be a probation violator in this case. Defendant's probation is terminated without imposition of sentence.

**{¶9}** In January 2015, Williams filed a motion for jail-time credit in Case No. CR-14-590579-A. The trial court denied Williams's motion, stating: "Defendant was notified at the time of sentencing that all jail time credit was to be credited to the case the defendant was on probation for at the time of sentencing." It is from this judgment that

Williams now appeals.

## II. Standard of Review

**{¶10}** R.C. 2953.08(G)(2) provides that our review of a defendant's sentence is not an abuse of discretion. An appellate court must "review the record, including the findings underlying the sentence or modification given by the sentencing court." *Id.* If an appellate court clearly and convincingly finds either that (a) "the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant"; or (b) "the sentence is otherwise contrary to law," then "the appellate court may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing." *Id.* *See also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231.

## III. Jail-Time Credit

**{¶11}** Williams argues that the trial court erred by not awarding him 176 days of jail-time credit. Williams maintains that although the trial court stated that jail-time credit be applied to his probation violation case, that case was terminated. Thus, he maintains that he is still entitled to jail-time credit.

**{¶12}** The practice of awarding jail-time credit, although now covered by state statute, has its roots in the Equal Protection Clauses of the Ohio and United States Constitutions. *State v. Fugate*, 117 Ohio St.3d 261, 2009-Ohio-856, 883 N.E.2d 440, ¶

7. The rationale for giving jail-time credit "is quite simple[;] [a] person with money will make bail while a person without money will not." *Id.* at ¶ 25 (Stratton, J., concurring). That means for "two equally culpable codefendants who are found guilty of multiple offenses and receive identical concurrent sentences," the poorer codefendant will serve more time in jail than the wealthier one who was able to post bail. *Id.* at ¶ 25-26. "[T]he Equal Protection Clause does not tolerate disparate treatment of defendants based solely on their economic status." *Id.* at ¶ 7.

{¶13} In Ohio, this principle is codified in R.C. 2967.191, which provides in relevant part:

> The department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial * * * as determined by the sentencing court under division (B)(2)(g)(i) of section 2929.19 of the Revised Code[.]

{¶14} R.C. 2929.19(B)(2)(g)(i) states that

> [I]f the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall * * * [d]etermine, notify the offender of, and include in the sentencing entry the number of days that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the stated prison term under section 2967.191 of the Revised Code. * * *

{¶15} "Although the principle of crediting time served seems fairly simple on its face, in practice, it can be complicated when, inter alia, the defendant is charged with multiple crimes committed at different times, or when the defendant is incarcerated due to a probation violation." *State v. Chafin*, 10th Dist. Franklin No. 06AP-1108,

2007-Ohio-1840, ¶ 9. According to R.C. 2967.191, an offender is not entitled to jail-time credit for any period of incarceration that arose from facts that are separate and apart from those on which his current sentence is based. *State v. DeMarco*, 8th Dist. Cuyahoga No. 96605, 2011-Ohio-5187, ¶ 10. Thus, R.C. 2967.191 is inapplicable when the offender is imprisoned as a result of another unrelated offense. *State v. Williams*, 126 Ohio App.3d 398, 399, 710 N.E.2d 729 (2d Dist.1998). This means that there is no jail-time credit for time served on unrelated offenses, even if that time served runs concurrently during the predetention phase of another matter. *See State v. Cook*, 7th Dist. Mahoning No. 00CA184, 2002-Ohio-7170, ¶ 17.

{¶16} In *DeMarco*, the defendant argued that the trial court erred by not awarding him jail-time credit. This court, however, affirmed the trial court's judgment sentencing the defendant for domestic violence on the newer case without jail-time credit because he had been incarcerated simultaneously for violating the terms of his community control in an older case and for the new charge of domestic violence. *Id*. at ¶ 11.

{¶17} In support of his claim that he did not receive jail-time credit, Williams points to the fact that in the trial court's November 20, 2015 judgment entry in Case No. CR-14-590579-A (the newer case), the trial court stated in relevant part that "[a]ll time served is to be credited to PV in CR-14-584145." Williams argues, however, that he did not receive his time served because the trial court terminated case CR-14-584145-A. Thus, he asserts that he is entitled to 176 more days of time served. We disagree.

{¶18} This case is directly on point with *State v. Maddox*, 8th Dist. Cuyahoga No.

99120, 2013-Ohio-3140. In *Maddox*, the defendant was charged with committing new offenses while he was on probation in several other cases. At a joint sentencing hearing on the new case and the probation violation cases, the trial court stated: "'I'll terminate probation without imposition of the original sentence,' but 'the jail-time credit is credited to those cases only. You're doing 17 years from today.'" *Id.* at ¶ 18. This court stated upheld the trial court's sentence, stating:

> Maddox stipulated to probation violations in several cases. In exchange for Maddox's stipulation, the trial court terminated Maddox's probation and stated that all jail-time credit would be applied to the probation violations. So rather than sentence Maddox to additional time for his probation violations, the trial court essentially sentenced Maddox to time served for those violations (i.e., the amount of time he spent in jail once he was arrested on the new charges, simultaneously violating his probation in several cases).

*Id.* at ¶ 18.

{¶19} In the present case, Williams was incarcerated simultaneously for violating his probation in Case No. CR-14-584145-A and for committing the new offenses in Case No. CR-14-590579-A. After finding that Williams violated his probation in Case No. CR-14-584145-A, the trial court essentially sentenced him to time served when it applied the jail-time credit to this case and then terminated Williams's probation. Thus, we find no error on the part of the trial court because it had the authority to apply the jail-time credit to the probation violation case because Williams was in jail on that case and the newer case simultaneously.

{¶20} We note, however, as the state points out, the trial court failed to comply with R.C. 2929.19(B)(2)(g)(i) in that the court did not determine the proper jail-time

credit, did not notify the offender of the days at sentencing, and did not include the calculated time in its sentencing entry. Instead, the trial court ordered the sheriff to calculate jail-time credit. But it is the trial court's duty to do so. *State v. Fitzgerald*, 8th Dist. Cuyahoga No. 98723, 2013-Ohio-1893, ¶ 6 (Boyle, J., concurring). Accordingly, we reverse and remand for the trial court to properly calculate jail-time credit. *State v. Barker*, 8th Dist. Cuyahoga No. 93574, 2010-Ohio-4480, ¶ 18.

{¶21} Judgment affirmed in part, reversed in part, and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed in part, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, JUDGE

EILEEN A. GALLAGHER, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR