[Cite as *State v. Jones*, 2021-Ohio-4175.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 110412 |
| v. | : | |
| ALAN JONES, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 24, 2021

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-654224-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Nicole M. Ellis, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Michael V. Wilhelm, Assistant Public Defender, *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Defendant-appellant Alan Jones appeals from the trial court's judgment sentencing him to a term of 36 months for drug trafficking and related

offenses.  On appeal, he argues the trial court improperly denied him jail-time credit for the days he was held in Cuyahoga County Jail awaiting the disposition of the instant case.  As we explain in the following, the trial court did not improperly deny him jail-time credit because Jones was serving time for an unrelated community control violation matter during the pretrial detention in this case.  We therefore affirm the judgment of the trial court.

**Procedural Background**

{¶ 2} On April 17, 2019, Jones was sentenced to two years of community control sanctions in Cuyahoga C.P. Nos. CR-18-635610 and CR-18-633623 after he pleaded guilty to several drug offenses.  A capias was subsequently issued in that case.[1]

{¶ 3} A year and a half later, Jones was arrested for drug trafficking and related offenses on October 29, 2020, and confined in the county jail.

{¶ 4} On November 18, 2020, Jones was found in violation of his community control in Nos. CR-18-635610 and CR-18-633623 and sentenced to a 10-month term.

{¶ 5} Days later, on November 23, 2020, Jones was indicted for the new drug offenses in Cuyahoga C.P. No. CR-20-654224.[2]

---

[1] The record of the prior drug cases is not part of the record before us.  According to the state's brief on appeal, a capias was issued in that case for his failure to report.

[2] On February 24, 2021, the trial court held a hearing regarding Jones's speedy trial rights. The court explained that due to the Covid-19 pandemic, the court was unable to conduct

{¶ 6} On March 29, 2021, Jones pleaded guilty to the new drug offenses pursuant to a jointly recommended plea agreement by the parties. The trial court sentenced him to a term of 36 months and ordered the term to be served concurrently with the 10-month term in the community control violation case.

{¶ 7} Regarding jail-time credit, the trial court awarded 21 days of jail-time credit for the period between October 29, 2029, when Jones was arrested and booked into the county jail, and November 18, 2020, when he was found guilty of community control violations and sentenced to a 10-month term.

{¶ 8} The trial court, however, awarded no jail-time credit for the period between November 28, 2020, and March 29, 2021, citing this court's precedents on the issue of jail-time credit. On appeal, Jones challenges the trial court's denial of jail-time credit for this period of time, raising the following assignment of error for our review:

> The trial court erred in sentencing Mr. Jones when it failed to properly credit him with 167 days of jail time credit.

**Standard of Review**

{¶ 9} "An error in the computation of jail-time credit is subject to review under R.C. 2953.08(G)(2)." *State v. Hearn*, 6th Dist. Erie Nos. E-19-067, E-19-076, E-19-077, and E-19-078, 2021-Ohio-86, ¶ 6. *See also State v. Williams*, 8th Dist. Cuyahoga No. 104155, 2016-Ohio-8049, ¶ 10. "An appellate court may increase,

jury trials and, furthermore, there would be a delay in the proceedings when the jury trials resumed. Jones waived his right to a speedy trial and consented to the matter being continued to September 30, 2021.

decrease, modify, or vacate and remand a disputed trial court sentence if it clearly and convincingly is demonstrated that either the record of evidence does not support applicable statutory findings or the sentence is otherwise contrary to law." *Hearn* at ¶ 6, citing R.C. 2953.08(G)(2).

**Analysis**

{¶ **10**} Under the Equal Protection Clause, defendants who are unable to afford bail must be credited with the time they are confined while awaiting trial. *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶ 7. This principle was codified in R.C. 2967.191. The statute provides as follows:

> The department of rehabilitation and correction shall reduce the prison term of a prisoner, as described in division (B) of this section, by the total number of days that the prisoner *was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting tria*l, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term, as determined by the sentencing court * * *.

(Emphasis added.)

{¶ **11**}"Although the principle of crediting time served seems fairly simple on its face, in practice, it can be complicated when, inter alia, the defendant is charged with multiple crimes committed at different times, or when the defendant is incarcerated due to a probation violation*." State v. Chafin*, 10th Dist. Franklin No. 06AP-1108, 2007-Ohio-1840, ¶ 9.

{¶ **12**} Here, after being arrested for the instant drug offenses on October 29, 2020, Jones was confined in the county jail awaiting the disposition of both the

community control violation case and the drug charges. After he was sentenced to a 10-month term in the community control violation case on November 18, 2020, he was confined for two reasons: serving the time in the community control violation case and awaiting the disposition of the instant drug case. This appeal concerns only the period of time between November 18, 2020, and March 29, 2021.

{¶ 13} Jones argues that, because he was sentenced to a concurrent rather than a consecutive term in the community control violation case and the instant case, he should be entitled to jail-time credit, *Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440. He argues that, without jail-time credit, he will serve a longer period of incarceration than the concurrent 36-month term he received.

{¶ 14} In *Fugate*, the defendant violated community control when he committed a burglary offense during his term of community control sanctions. He was held in jail awaiting the disposition of both the community control violation case and the burglary case. The trial court, on the same day, sentenced him to 12 months in the community violation case and two years in the burglary case, to be served concurrently. The trial court awarded pretrial detention credit in the community control violation case but not in the burglary case. *Id.*

{¶ 15} The Supreme Court of Ohio found the trial court to have erred in not applying jail-time credit toward each concurrent term. "When a defendant is sentenced to concurrent prison terms for multiple charges, jail-time credit pursuant to R.C. 2967.191 must be applied toward each concurrent prison term." *Id.* at syllabus. The court explained the differences between consecutive and concurrent

sentences in the context of jail-time credit, reasoning that "[i]f an offender is sentenced to concurrent terms, applying credit to one term only would, in effect, negate the credit for time that the offender has been held." *Id.* at ¶ 22. "To deny such credit would constitute a violation of the Equal Protection Clause." *Id.*

{¶ 16} *Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, is procedurally different from this case and, therefore, not directly on point for two reasons. First, Jones's community control violation was unrelated to the new drug case whereas in *Fugate*, the burglary offense was the basis of the defendant's community control violation. Second, in *Fugate*, the jail-time credit concerned the period of time defendant was held in jail awaiting the disposition of both cases and the defendant began to serve the concurrent term for both cases at the same time. Here, in contrast, the jail-time credit concerned the period of time Jones was simultaneously serving his term in the community control violation case and awaiting disposition of the unrelated drug case.

{¶ 17} Pursuant to the provision in R.C. 2967.191, a defendant is entitled to jail-time credit for confinement "for any reason *arising out of the offense* for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial * * *." (Emphasis added.) R.C. 2967.191. Pursuant to the statute, when a defendant is held in jail awaiting trial and disposition of a case (for any reasons arising out of *the* case, including confinement in lieu of bail), the court is to credit the time the defendant held in jail toward the sentence the defendant receives in the case.

{¶ 18} Here, Jones was confined in the Cuyahoga County Jail between November 18, 2020, and March 29, 2021, because he was awaiting disposition of the drug case and unable to post bond, and would seemingly be entitled to jail-time credit under R.C. 2967.191. However, during this period of time, he was also serving a sentence on the 10-month term in the unrelated community control violation case.

{¶ 19} When a defendant is being confined in jail due to multiple cases, this court has interpreted R.C. 2967.191 to preclude a claim of jail-time credit "for any period of incarceration that arose from facts which are separate and apart from those on which his current sentence is based." *State v. Maddox*, 8th Dist. Cuyahoga No. 99120, 2013-Ohio-3140, ¶ 41, citing *State v. DeMarco*, 8th Dist. Cuyahoga No. 96605, 2011-Ohio-5187, ¶ 10. There is no jail-time credit pursuant to R.C. 2967.191 when a defendant is imprisoned as a result of another unrelated offense. *Id.* There is no jail-time credit for time served on unrelated offenses, even if that time served runs concurrently during the pretrial phase of another matter. *Id. See also State v. Holley*, 2017-Ohio-1559, 88 N.E.3d 1290, ¶ 15 (8th Dist.); *State v. Williams*, 8th Dist. Cuyahoga No. 104155, 2016-Ohio-8049, ¶ 15; and *State v. Smiley*, 8th Dist. Cuyahoga No. 99486, 2013-Ohio-4495, ¶ 13.[3]

---

[3] For example, in *Smiley*, the defendant was in the midst of serving an 18-month prison term for a prior case in Medina County when he was transferred to Cuyahoga County Jail to face charges for a new case. He spent 28 days in Cuyahoga County Jail before being sentenced to 180 days in jail, to run concurrently with the Media County case. The trial court did not award jail-time credit, and this court affirmed, citing *Demarco* and *Maddox*.

{¶ 20} Relying on the case law precedents from this court, the trial court did not award jail-time credit in the instant case for the period between November 18, 2020, and March 29, 2021. Pursuant to the case law, Jones is not entitled to jail-time credit for this period of pretrial detention, because he was serving a sentence in an unrelated case — even though the trial court made the sentence in the instant case concurrent to the other case. We are constrained to follow the existing precedents unless and until the Supreme Court of Ohio rules otherwise.

{¶ 21} Jones argues it is not fair for the trial court to deny pretrial detention credit in the instant case because the delay in the sentencing of this case significantly reduced the benefit of the *concurrent* sentence he received.

{¶ 22} It is undisputed that due to the delay in court proceedings brought on by the Covid-19 pandemic, the trial court did not dispose of the instant drug case until more than five months after he began serving the 10-month term in the community control violation case. However, the trial court was well aware of the lengthy pretrial detention time Jones spent in the Cuyahoga County Jail when it imposed a concurrent term without any jail-time credit in the instant case. In being sentenced to a concurrent term commencing on March 29, 2021, with no jail-time credit for the days he was simultaneously serving the 10-month term and awaiting the disposition of this case between November 18, 2020, and March 29, 2021, Jones essentially received a sentence of time served in the community control violation case. It was entirely within the purview of the trial court to fashion a sentence in consideration of both the appropriate punishment in the instant drug case and the

additional time Jones had been held in jail due to the delay in court proceedings.  As such, Jones's argument based on fairness is unavailing.

{¶ 23} For all the foregoing reasons, the sole assignment of error is without merit and the trial court's judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
EMANUELLA D. GROVES, J., CONCUR