[Cite as *State v. Curry*, 2022-Ohio-697.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 110886 |
| v. | : | |
| LINDGREGORY CURRY, | : | |
| Defendant-Appellant. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 10, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-649330-B

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Andrew Rogalski, Assistant Prosecuting Attorney, *for appellee.*

David N. Patterson, *for appellant.*

FRANK D. CELEBREZZE, JR., P.J.:

{¶ 1} This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1. Defendant-appellant Lindgregory Curry brings this appeal challenging the trial court's judgment denying his motion for jail-time credit. Curry argues that the trial court erred in denying his motion because he was entitled

to jail-time credit for the period of time during which he was held in jail awaiting disposition of his criminal proceedings. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶ 2} In Cuyahoga C.P. No. CR-17-616312 (hereinafter "the 2017 case"), Curry was convicted of burglary and theft in July 2017. On August 22, 2017, the trial court sentenced Curry to four years of community-control sanctions, which included confinement in a community-based correctional facility ("CBCF"). On January 17, 2018, Curry was released from CBCF and continued on community control. On July 24, 2018, Curry was found to be in violation of his community-control sanctions. The trial court terminated Curry's community control and sentenced Curry to four years in prison. The trial court credited Curry with 170 days of jail-time credit.

{¶ 3} The instant appeal pertains to Cuyahoga C.P. No. CR-20-649330-B (hereinafter "conspiracy case"). On March 9, 2020, a Cuyahoga County Grand Jury returned a secret 82-count indictment against Curry and his codefendants.[1] Generally, Curry and his codefendants were charged with engaging in a pattern of corrupt activity and conspiracy between December 2010 and January 2019. The indictment alleged that the defendants conspired to break into different commercial establishments, such as convenient stores, liquor stores, pharmacies, restaurants,

---

[1] Mario Littlejohn, Robert Littlejohn, Ortez Littlejohn, Marcus Wainwright, and Jerry Allen.

and gas stations, and steal various items therein, including cash, cigarettes, alcohol, and prescription drugs. Fourteen of the 82 counts pertained to Curry (Counts 2, 4, 6, 7, 9, 33-39, 41, and 42).

{¶ 4} At the time Curry was charged in the conspiracy case, he was serving his prison sentence in the 2017 case. A capias was issued for Curry on July 29, 2020. The trial court's docket reflects that Curry was taken into custody in the conspiracy case on August 14, 2020.

{¶ 5} Curry pled not guilty to the indictment during his August 18, 2020 arraignment. The trial court set Curry's bond at $50,000 cash, surety, or property. The record reflects that Curry did not post bond.

{¶ 6} The parties reached a plea agreement. On May 5, 2021, Curry pled guilty to breaking and entering as charged in Counts 9, 34, and 35; receiving stolen property as charged in Count 33; breaking and entering as charged in Count 37; and having weapons while under disability as charged in Count 41. The remaining counts were nolled. The record reflects that the parties agreed to recommend a prison sentence of 14 months in the conspiracy case, to be served consecutively with Curry's sentence in the 2017 case.

{¶ 7} On May 5, 2021, the trial court sentenced Curry to 14 months in prison. The trial court ordered Curry's 14-month sentence in the conspiracy case to run consecutively with Curry's 4-year sentence in the 2017 case. The trial court's sentencing journal entry was filed on May 10, 2021. The trial court issued nunc pro

tunc sentencing entries on May 11, and June 7, 2021, to correct clerical errors and accurately reflect Curry's convictions and sentence.

{¶ 8} On June 29, 2021, Curry filed a pro se motion for additional jail-time credit. Therein, Curry argued that pursuant to *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, and *State v. Caccamo*, 11th Dist. Lake No. 2015-L-048, 2016-Ohio-3006, he was entitled to jail-time credit for all of the presentence time he was confined in the Cuyahoga County Jail and CBCF.

{¶ 9} On July 26, 2021, the state filed a brief in opposition to Curry's motion for jail-time credit. Therein, the state did not oppose Curry's request for jail-time credit. The state asserted that Curry was entitled to 264 days of jail-time credit: from August 14, 2020, when Curry was taken into custody, to May 5, 2021, the date on which Curry pled guilty and was sentenced.

{¶ 10} On September 10, 2021, the trial court denied Curry's motion for jail-time credit. The trial court's judgment entry provides, in relevant part, "[Curry] is sentenced to an agreed 14 month sentence in this case."

{¶ 11} It is from this judgment that Curry filed the instant appeal on October 7, 2021. He assigns one error for review:

> I. The trial court erred to the prejudice of [Curry] by denying [Curry's] [m]otion for [a]dditional [j]ail-[t]ime [c]redit denying [Curry] jail-time credit for all of the time he was confined in the Cuyahoga County Jail while the underlying criminal matter remained pending, notwithstanding an agreed sentence pursuant to a plea bargain agreement that was silent on jail-time credit.

## II. Law and Analysis

## A. Transcript

{¶ 12} As an initial matter, Curry argues that the plea bargain is "silent" on the issue of jail-time credit and that "no agreement is entered on the [r]ecord indicating that [Curry] agreed to a 14-month prison term *plus* the amount of time he had already been incarcerated while the matter was pending." (Emphasis sic.) Appellant's brief at 5. The state asserts that "[t]he transcript was silent on the issue of jail-time credit because everyone understood [Curry] was not entitled to any in these circumstances." Appellee's brief at 3.

> Pursuant to App.R. 9(B), the appellant has a duty to file the transcript from any lower court proceedings to the extent it is necessary for evaluation of the judgment being appealed. This court has consistently held that "[f]ailure to file the transcript prevents an appellate court from reviewing an appellant's assigned errors. * * * Thus, absent a transcript or alternative record under App.R. 9(C) or (D), we must presume regularity in the proceedings below." *Lakewood v. Collins*, 8th Dist. Cuyahoga No. 102953, 2015-Ohio-4389, ¶ 9. *See also Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980) ("When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings and affirm.").

*Farmer v. Healthcare Bridge*, 8th Dist. Cuyahoga No. 110469, 2021-Ohio-3207, ¶ 6.

{¶ 13} In the instant matter, Curry failed to file a transcript of the proceedings in the trial court. This appeal contains an App.R. 9(A) record without a transcript or a substitute statement of the evidence.

{¶ 14} The trial court's May 10, 2021 judgment entry from Curry's change of plea and sentencing hearing, and the nunc pro tunc judgment entries issued by the trial court on May 11 and June 7, 2021, are silent on the issue of jail-time credit. Without a transcript of the proceedings in the trial court, however, we are unable to determine the exact nature of the parties' plea bargain and agreed recommended sentence as it pertained to the issue of jail-time credit.

{¶ 15} Nevertheless, based on the limited record before this court, we find that Curry's argument that he was entitled to jail-time credit for the period of time he was held in jail awaiting disposition of the conspiracy case fails on the merits.

## B. Jail-Time Credit

{¶ 16} In his sole assignment of error, Curry argues that the trial court erred in denying his motion for jail-time credit because he is "entitled to jail-time credit applied to and against the 14-month prison sentence imposed in this matter from the date of his arrest to the date he was admitted to prison." Appellant's brief at 4.

{¶ 17} As noted above, the record reflects that Curry was taken into custody in the conspiracy case on August 14, 2020. At the time, he was serving his prison sentence in the 2017 case. Curry was sentenced in the conspiracy case on May 5, 2021.

{¶ 18} After reviewing the record, and for the reasons set forth below, we find that Curry was not entitled to jail-time credit for the period of time he was held in jail awaiting disposition of the conspiracy case.

{¶ 19} R.C. 2967.191(A), governing jail-time credit, provides, in relevant part:

The department of rehabilitation and correction shall reduce the prison term of a prisoner, as described in division (B) of this section, by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial * * *.

{¶ 20} In *Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, the Ohio Supreme Court explained the difference in calculating jail-time credit for concurrent prison terms and consecutive prison terms:

When a defendant is sentenced to consecutive terms, the terms of imprisonment are served one after another. *Jail-time credit applied to one prison term gives full credit that is due, because the credit reduces the entire length of the prison sentence.* However, when a defendant is sentenced to concurrent terms, credit must be applied against all terms, because the sentences are served simultaneously. If an offender is sentenced to concurrent terms, applying credit to one term only would, in effect, negate the credit for time that the offender has been held. To deny such credit would constitute a violation of the Equal Protection Clause. Therefore we hold that when a defendant is sentenced to concurrent prison terms for multiple charges, jail-time credit pursuant to R.C. 2967.191 must be applied toward each concurrent prison term.

(Emphasis added.) *Id.* at ¶ 22.

{¶ 21} Subsequently, the Ohio Supreme Court held that "[a] defendant is not entitled to jail-time credit while held on bond if, *at the same time, the defendant is serving a sentence on an unrelated case.*" (Emphasis added.) *State v. Cupp*, 156 Ohio St.3d 207, 2018-Ohio-5211, 124 N.E.3d 811, syllabus.

When a defendant is being confined in jail due to multiple cases, this court has interpreted R.C. 2967.191 to preclude a claim of jail-time credit "for any period of incarceration that arose from facts which are separate and apart from those on which his current sentence is based." *State v. Maddox*, 8th Dist. Cuyahoga No. 99120, 2013-Ohio-3140, ¶ 41, citing *State v. DeMarco*, 8th Dist. Cuyahoga No. 96605, 2011-Ohio-5187, ¶ 10. There is no jail-time credit pursuant to R.C. 2967.191 when

a defendant is imprisoned as a result of another unrelated offense. *Id.* There is no jail-time credit for time served on unrelated offenses, even if that time served runs concurrently during the pretrial phase of another matter. *Id. See also State v. Holley*, 2017-Ohio-1559, 88 N.E.3d 1290, ¶ 15 (8th Dist.); *State v. Williams*, 8th Dist. Cuyahoga No. 104155, 2016-Ohio-8049, ¶ 15; and *State v. Smiley*, 8th Dist. Cuyahoga No. 99486, 2013-Ohio-4495, ¶ 13.

*State v. Jones*, 8th Dist. Cuyahoga No. 110412, 2021-Ohio-4175, ¶ 19.

{¶ 22} In the instant matter, it is undisputed that Curry's convictions and sentence in the 2017 case are separate from and unrelated to his convictions and sentence in the conspiracy case. Accordingly, pursuant to *Cupp*, Curry was not entitled to jail-time credit for the period of time he was held on bond awaiting disposition in the conspiracy case because, at the same time, he was serving his sentence in the unrelated 2017 case. *Accord State v. Wisniewski*, 8th Dist. Cuyahoga No. 110092, 2021-Ohio-3031, ¶ 43.

{¶ 23} It is further undisputed that the trial court ordered Curry's sentence in the conspiracy case to run consecutively — not concurrently — to his sentence in the unrelated 2017 case. Curry acknowledges that "[t]he parties agreed to a recommended sentence of an aggregate 14 months in prison [in the conspiracy case] *to be served consecutively with a separate matter*, [the 2017 case]." (Emphasis added.) Appellant's brief at 2. Accordingly, the *Fugate* holding that Curry cites in his appellate brief and upon which Curry relied in support of his motion for jail-time credit in the trial court is inapplicable in the present appeal.

{¶ 24} Curry is not entitled to jail-time credit for the period of pretrial detention in the conspiracy case because, at the same time, he was serving his prison

sentence in the unrelated 2017 case. The time Curry spent in jail awaiting disposition of the conspiracy case was properly credited against the sentence he was serving in the unrelated 2017 case. This credit reduced the entire length of Curry's consecutive prison terms. Curry was not entitled to have the length of his sentence further reduced by receiving jail-time credit (essentially double credit) against his sentence in the conspiracy case. *See State v. Tapp*, 8th Dist. Cuyahoga No. 106904, 2018-Ohio-4120, ¶ 20.

{¶ 25} Finally, Curry asserts in his appellate brief that he "remained incarcerated during the pendency of the [conspiracy] case because he was indigent" and did not post the $50,000 bond. Appellant's brief at 3. This is not accurate. Even if Curry posted bail, he would not have been released because he was serving his four-year sentence in the 2017 case. *See Tapp* at ¶ 20; *State v. Lane*, 11th Dist. Lake No. 2017-L-046, 2017-Ohio-9335, ¶ 13-18 (the defendant was not entitled to jail-time credit for the period of pretrial detention in the Lake County jail because the defendant was already serving a prison term for unrelated offenses in Cuyahoga County, and the trial court ordered the defendant to serve his Lake County sentence consecutively with his preexisting Cuyahoga County sentence).

{¶ 26} Based on the foregoing analysis and the binding precedent from this court and the Ohio Supreme Court, Curry is not entitled to jail-time credit for the period of pretrial detention in the conspiracy case because, at the same time, he was serving his prison sentence in the unrelated 2017 case. Accordingly, the trial court did not err in denying Curry's motion for jail-time credit.

{¶ 27} Curry's sole assignment of error is overruled.

{¶ 28} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
CORNELIUS J. O'SULLIVAN, JR., J., CONCUR