[Cite as *State v. Jackson*, 2026-Ohio-2083.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 115613 |
| v. | : | |
| CHRISTON JACKSON, | : | |
| Defendant-Appellee. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** June 4, 2026

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-697340-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, and Arwa Elmashae, Legal Intern, *for appellant*.

Cullen Sweeney, Cuyahoga County Public Defender, and Robert McCaleb, Assistant Public Defender, *for appellee*.

EILEEN T. GALLAGHER, P.J.:

{¶ 1} Appellant State of Ohio ("State") appeals the judgment of the trial court awarding jail-time credit to appellee Christon Jackson ("Jackson"). The State argues that the court erred by awarding jail-time credit for days that Jackson had served in

a separate and unrelated case, essentially giving him double the jail-time credit to which he was entitled.

{¶ 2} After a thorough review of the applicable law and facts, we sustain the assignment of error, reverse the judgment of the trial court, and remand for the trial court to recalculate the amount of jail-time credit to which Jackson is entitled and to place on the record its factual findings regarding its calculation.

## I. Factual and Procedural History

{¶ 3} In Cuyahoga C.P. Case No. CR-24-696234-B ("prior case"), Jackson pled guilty to one count of improperly handling firearms in a motor vehicle under R.C. 2923.16(B). He was sentenced to a nine-month prison term, and the court awarded him 133 days of jail-time credit.

{¶ 4} In the underlying matter, Cuyahoga C.P. No. CR-24-697340-A, Jackson pled guilty to one count of gross sexual imposition and one count of abduction.[1] The court sentenced him to a 12-month prison term on each count, to run concurrently, and awarded Jackson 178 days of jail-time credit. At the sentencing hearing, the court stated as follows:

> The Defendant pled guilty in case number 661559 [sic] on February 26th of this year, 2025. The Court sentenced the Defendant to nine months in prison. The Court gave Mr. Jackson credit for 133 days in jail. The date of that offense in 696234 was October 12, 2024. The Defendant was arraigned on October 21, 2024. And this Court sentenced — strike that. Mr. Jackson pled guilty and was also sentenced on February 26, 2025. Granted 133 days of jail time credit. That sentence had expired on July 14, 2025.

---

[1] The underlying substantive facts of this matter are not relevant to the appeal.

So the Court grants the credit that the Defendant was in jail awaiting trial on both this case and on case 696234 of 133 days, and then the Court grants credit — the Court does not grant the Defendant any credit for time served while he was serving that nine month prison sentence.

The Court will also grant the Defendant credit for 7/14/2025 to today[']s date, which in my calculation is 45 additional days for a total of 178.

And I believe — not I believe. I know that [the State] does object to [the] Court's analysis and finding, and I note [the State]'s objection for the record.

(Tr. 23-24.)

{¶ 5} The transcript states that there had been a "lengthy discussion in terms of jail time credit." (Tr. 22.) Jackson had asked for 178 days, which was ultimately awarded by the court. As noted above, the State objected to the number of days, although the record is unclear as to the specifics of the State's objection and what number of days it believed that Jackson should have been awarded.

{¶ 6} The State then filed the instant appeal.

## II. Law and Analysis

{¶ 7} In its sole assignment of error, the State argues that the trial court erroneously awarded Jackson jail-time credit for days that had been served in a separate and unrelated case.

{¶ 8} "'An error in the computation of jail-time credit is subject to review under R.C. 2953.08(G)(2).'" *State v. Jones*, 2021-Ohio-4175, ¶ 9 (8th Dist.), quoting *State v. Hearn*, 2021-Ohio-86, ¶ 6 (6th Dist.). *See also State v. Williams*, 2016-Ohio-8049, ¶ 10 (8th Dist.). "An appellate court may increase, decrease, modify, or

vacate and remand a disputed trial court sentence if it clearly and convincingly is demonstrated that either the record of evidence does not support applicable statutory findings or the sentence is otherwise contrary to law." *Hearn* at ¶ 6, citing R.C. 2953.08(G)(2). *See also State v. Claggett*, 2020-Ohio-4133, ¶ 30 (8th Dist.).

{¶ 9} R.C. 2967.191(A) provides:

> The department of rehabilitation and correction shall reduce the prison term of a prisoner, as described in division (B) of this section, by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial . . . .

{¶ 10} The Ohio Supreme Court has held that a defendant is not entitled to jail-time credit while being held on bond if, at the same time, the defendant is serving a sentence on an unrelated case. *State v. Cupp*, 2018-Ohio-5211, ¶ 4. When a defendant is being confined in jail due to multiple cases, this court has interpreted R.C. 2967.191 to preclude a claim of jail-time credit "for any period of incarceration that arose from facts which are separate and apart from those on which his current sentence is based." *State v. Maddox*, 2013-Ohio-3140, ¶ 41 (8th Dist.), citing *State v. DeMarco*, 2011-Ohio-5187, ¶ 10 (8th Dist.). There is no jail-time credit pursuant to R.C. 2967.191 when a defendant is imprisoned as a result of another unrelated offense. *Id.* Moreover, there is no jail-time credit for time served on unrelated offenses, even if that time served runs concurrently during the pretrial phase of another matter. *Id. See also State v. Holley*, 2017-Ohio-1559, ¶ 15 (8th Dist.); *Williams* at ¶ 15 (8th Dist.); and *State v. Smiley*, 2013-Ohio-4495 (8th Dist.).

{¶ 11} Here, Jackson was awarded 178 days of jail-time credit by the trial court. The State contends that he is only entitled to 45 days because Jackson was already credited for the 133 days in the prior case and that those days of confinement related solely to that case, which was unrelated to the instant matter.

{¶ 12} Jackson concedes that he was not entitled to all of the jail-time credit that he was awarded by the trial court. He agrees that the trial court correctly awarded him 45 days from the end of his sentence in the prior case to the imposition of sentence in the instant matter. Jackson maintains, though, that he is entitled to an additional 92 days, reflecting the period when he was confined in lieu of bond on both cases. He asserts that he should have received a total of 137 days of jail-time credit.

{¶ 13} After a thorough review of the record, we find that it lacks sufficient information for this court to determine whether the trial court properly calculated the number of days Jackson was entitled to receive as jail-time credit. Jackson's brief refers to "jail records" reflecting Jackson's confinement, but these documents are not in the case record. There is no information on the date of Jackson's arrest in the instant case and precisely how long he spent in pretrial confinement. While there may have been discussions between counsel and the court as to the proper calculation of days, these talks occurred off the record.

{¶ 14} To be able to conduct a meaningful review of the trial court's jail-time credit calculation, we must be able to evaluate the analysis underlying the court's decision. We cannot do so with the record as it currently stands. The trial court did

not set forth specific findings to support its decision and did not refer to any parts of the record in justifying its calculation.

{¶ 15} Accordingly, we reverse the trial court's decision awarding Jackson with 178 days of jail-time credit and remand this matter to the common pleas court for further proceedings. *See, e.g., State v. Williams*, 2024-Ohio-5578, ¶ 102 (5th Dist.) ("Where the record before the Court provides no basis to support the decision of the trial court regarding jail time credit, the case should be remanded to the trial court."), citing *State v. Newport*, 2007-Ohio-1678 (2d Dist.), ¶ 7; *State v. Ott*, 2012-Ohio-4471, ¶ 28 (11th Dist.); *State v. Burden*, 2022-Ohio-569, ¶ 28 (12th Dist.).

{¶ 16} Upon remand, the trial court is to make a factual determination of the total number of days of jail-time credit that Jackson is entitled to receive with regard to the offenses in this case. The court shall make this decision based on the information already contained within the record, or, if the court deems it necessary, any additional testimony or documentary evidence submitted by the parties. The court shall then issue a journal entry explaining how it arrived at its jail-time credit calculation, with proper citation to the record where possible, to allow this court to conduct a meaningful review of its award of jail-time credit should that decision again be appealed to this court.

{¶ 17} Judgment reversed, and case remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
DEENA R. CALABRESE, J., CONCUR