[Cite as *State v. Hearn*, 2021-Ohio-86.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                              Court of Appeals Nos. E-19-067
                                                                                              E-19-076
                    Appellee                                                           E-19-077
                                                                                              E-19-078
v.
                                                               Trial Court Nos. 2018 CR 0182
Nathaniel Hearn                                                                    2018 CR 0192
                                                                                              2018 CR 0409
                    Appellant                                                       2017 CR 0449

                                            **DECISION AND JUDGMENT**

                                            Decided:  January 15, 2021

                                            * * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Kristin R. Palmer, Assistant Prosecuting Attorney, for appellee.

Michael H. Stahl, for appellant.

                                            * * * * *

**MAYLE, J.**

{¶ 1} In this consolidated appeal, defendant-appellant, Nathaniel Hearn, appeals

the November 13, 2019 judgments of the Erie County Court of Common Pleas, denying

his motions for jail-time credit.  For the reasons that follow, we affirm the trial court

judgment.

## I. Background

{¶ 2} In four separate cases, in four separate judgment entries memorialized on March 4, 2019, Nathaniel Hearn entered pleas of guilty, was found guilty, was sentenced, and received pretrial confinement credit ("jail-time credit") as follows:

| Case No. | Offense | Prison Sentence | Concurrent with/Consecutive to | Jail-Time Credit |
|---|---|---|---|---|
| 2017 CR 0449 | Trespass in a habitation, R.C. 2911.12(B) and (E) | 15 months | Concurrent with 2018 CR 0182, 2018 CR 0192; consecutive to 2018 CR 0409 | 215 days |
| 2018 CR 0182 | Possession of cocaine, R.C. 2925.11(A) and (C)(4)(a) | 11 months | Concurrent with 2017 CR 0449, 2018 CR 0192, 2018 CR 0409 | 214 days |
| 2018 CR 0192 | Possession of cocaine, R.C. 2925.11(A) and (C)(4)(a) | 11 months | Concurrent with 2017 CR 0449, 2018 CR 0182, 2018 CR 0409 | 269 days |
| 2018 CR 0409 | Attempted tampering with evidence, R.C. 2921.12(A) and 2923.02(A) | 15 months | Concurrent with 2018 CR 0182 and 2018 CR 0192; Consecutive to 2017 CR 0449 | 0 days |

{¶ 3} In his sole assignment of error, Hearn challenges the amount of jail-time credit he received. More specifically, he challenges the number of days credited against his sentence in Erie County case No. 2018 CR 0409:

2.

When a trial court sentences on two separate cases, wherein the defendant served pre-trial detention time on both, must the court grant jail time credit on both cases.

## II. Law and Analysis

{¶ 4} The trial court ordered that the sentences imposed in Erie County case Nos. 2017 CR 0449 and 2018 CR 0409 be served consecutively to one another and concurrently with the sentences imposed in Erie County case Nos. 2018 CR 0182 and 2018 CR 0192; it ordered that the sentences imposed in Erie County case Nos. 2018 CR 0182 and 2018 CR 0192 be served concurrently to one another and to case Nos. 2017 CR 0449 and 2018 CR 0409. The practical effect of this is that Hearn will serve an aggregate prison term of 30 months.

{¶ 5} The court recognized that Hearn is entitled to a credit for days that he spent in jail awaiting trial. It allocated jail-time credit as set forth above. Hearn complains that he received no jail-time credit in Erie County case No. 2018 CR 0409. He argues primarily that because the trial court memorialized his sentences in four separate judgments for each of the four separate cases, should one of those judgments be nullified—in particular, the judgment in Erie County case No. 2017 CR 0449—there is a risk that he may not receive the credit to which he is entitled. He also mentions that he should have been credited with 269 days toward the consecutive terms instead of 215 days.

3.

{¶ 6} An appellate court may increase, decrease, modify, or vacate and remand a disputed trial court sentence if it clearly and convincingly is demonstrated that either the record of evidence does not support applicable statutory findings or the sentence is otherwise contrary to law. R.C. 2953.08(G)(2); *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11. An error in the computation of jail time credit is subject to review under R.C. 2953.08(G)(2). *See, e.g., State v. Gueli*, 6th Dist. Wood No. WD-17-028, 2018-Ohio-997.

{¶ 7} R.C. 2967.191(A) provides for a reduction of prison time for related days of confinement. It provides, in relevant part, "[t]he department of rehabilitation and correction shall reduce the prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial."

{¶ 8} The state maintains that because the prison terms imposed in Erie County case Nos. 2017 CR 0449 and 2018 CR 0409 were ordered to be served consecutively, jail-time credit was to be applied only once to reduce the length of the aggregate prison sentence. It insists that this was accomplished when the trial court included in its judgment in case No. 2017 CR 0449 credit for the full amount of time that Hearn spent in jail before trial.

{¶ 9} The Ohio Supreme Court recognized in *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶ 9-10, that the treatment of jail-time credit varies depending on whether the sentences imposed are ordered to be served concurrently or

4.

consecutively. It explained that "when a defendant is sentenced to concurrent terms, credit must be applied against all terms, because the sentences are served simultaneously." *Id.* at ¶ 22. But "[w]hen a defendant is sentenced to consecutive terms, the terms of imprisonment are served one after another." *Id.* Where consecutive sentences are involved, "[j]ail-time credit applied to one prison term gives full credit that is due, because the credit reduces the entire length of the prison sentence." *Id.*

{¶ 10} In explaining the distinction in the treatment of jail-time credit, the Ohio Supreme Court cited Ohio Adm.Code 5120-2-04. Ohio Adm.Code 5120-2-04(F) addresses concurrent sentences and instructs that "[i]f an offender is serving two or more sentences * * * *concurrently*, the department [of rehabilitation and correction ("DRC")] shall independently reduce each sentence * * * for the number of days confined for that offense. Release of the offender shall be based upon the longest definite, minimum and/or maximum sentence or stated prison term after reduction for jail time credit." (Emphasis added.)

{¶ 11} Ohio Adm.Code 5120-2-04(G) addresses consecutive sentences. It differentiates how jail-time credit must be calculated and credited depending on whether the sentences are imposed in one journal entry versus in multiple journal entries, whether or not the days of jail-time credit are identical, and whether or not there is duplication in the dates of confinement. It provides:

If an offender is serving two or more sentences * * * *consecutively*,

the bureau of sentence computation ["BOSC"] shall aggregate the sentences

5.

* * * pursuant to rule 5120-2-03, 5120-2-03.1, or 5120-2-03 of the Administrative Code. [DRC] shall reduce the aggregate definite sentence * * *, as determined by rule 5120-02-03, 5120-2-03.1 or 5120-2-03.2 of the Administrative Code, by the total number of days the offender was confined for all of the offenses for which the consecutive sentences * * * were imposed. Generally, when consecutive sentences * * * are imposed by *multiple journal entries*, [BOSC] shall reduce the aggregate sentence * * * by the sum of the days specified in each of the journal entries plus the number of days the offender was confined between the date of the last journal entry and the date committed to the institution. However, if any of the journal entries * * * indicates that any particular day of confinement has been reported on more than one journal entry, the aggregate sentence * * * shall be reduced by one day for each day the offender was confined. If any of the journal entries * * * indicates that any particular day of confinement has been reported more than once, the rules set forth hereinafter should be followed in determining whether any particular day of confinement has been reported more than once.

* * *

(2) When an offender receives consecutive sentences * * * from the same county, the sentences * * * shall be aggregated, the transport time

shall not be aggregated, and jail time credit shall be determined in the following manner:

(a) If the number of days of jail time credit given for each sentence * * * is identical, do not aggregate the jail time credit, but rather, only give the credit one time, unless otherwise ordered or indicated in the journal entry. The sheriff's letter may be used to confirm duplicate dates of confinement.

(b) If the number of days of jail time credit for each sentence * * * is not identical, aggregate the credit in the following situations:

(i) The journal entry orders or indicates that the jail time credit shall be aggregated.

(ii) The dates of confinement are not indicated in the journal entry or the sheriff's letter and there is no indication whether any of the dates of confinement are reported more than once.

(c) If the number of days of jail time credit for each sentence * * * is not identical and the journal entry does not provide otherwise, do not aggregate the credit in the following situations:

(i) The dates of confinement are indicated in the journal entry or the sheriff's letter and some or all of the dates are reported more than once. In such situations, the aggregate sentence * * * shall be reduced by only one day for each day the offender was confined as indicated by the dates.

(ii) The journal entry orders or indicates that the jail time credit shall

not be aggregated.  In such situations, the aggregate sentence * * * shall be

reduced by the longest single amount of jail time credit ordered.

* * *

(Emphasis added.)

{¶ 12} Although DRC "'has a mandatory duty pursuant to R.C. 2967.191 to credit an inmate with jail time already served, it is the trial court that makes the factual determination as to the number of days of confinement that a defendant is entitled to have credited toward his sentence.'"  *State v. Dobbins*, 12th Dist. Butler No. CA2019-04-061, 2020-Ohio-726, ¶ 19, quoting *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, ¶ 7.  This number must be specified in the sentencing entry.  *Id.,* quoting *State v. Stefanopoulos*, 12th Dist. Butler No. CA2011-10-187, 2012-Ohio-4220, ¶ 4.  The trial court need not "identify each specific period of confinement in determining the total number of days"—it need only state the total number of days.  *Id.* at ¶ 36.

{¶ 13} While the regulations provide much guidance to BOSC and DRC concerning the calculation of jail-time credit where multiple prison sentences are imposed, they do not specify how *the court* should notate jail-time credit in its judgment entries where consecutive sentences are imposed in multiple judgment entries.  From our review of the case law, it also does not appear that a uniform approach has been adopted for doing so.

8.

**{¶ 14}** In *State v. Bennett*, 8th Dist. Cuyahoga No. 108700, 2020-Ohio-3453, ¶ 19-21, for instance, the court divided the full amount of jail-time credit between multiple case numbers, effectively reducing the aggregate sentence by the full amount of jail-time credit as required by R.C. 2967.191. *See id.* at ¶ 21 (finding that [n]either R.C. 2967.191 nor *Fugate* prohibit a court from dividing the full amount of jail-time credit between two or more case numbers, and concluding that the defendant effectively received the full amount of credit on the aggregate sentence). Some courts simply allocate all time to one case and no time to the second case, like the trial court did here. That is what the court did in *Dobbins*, however, the court also noted in its judgment entry: "'Credit for 0 days served is granted as of this date, *as all credit was applied to Butler County case CR2018-02-0307* [the CCV Case].'" (Emphasis added.) *Dobbins* at ¶ 9.

**{¶ 15}** Here, the trial court allocated all jail-time credit to one of the two consecutive sentences (case No. 2017 CR 0449) and allocated zero days to the second consecutive sentence (case No. 2018 CR 0409). Unlike the court in *Dobbins,* it did not clarify in its judgment entry that no credit was being applied in case No. 2018 CR 0409 because it was all being applied to case No. 2017 CR 0449. Hearn worries that "[w]ithout the court making some notice to those days served as applied to that case, there is a real risk that if the other cases were to somehow be nullified, then Mr. Hearn would serve time beyond that which he should." He cautions that "[t]his the lack of clarity is how bureaucratic error occurs."

9.

**{¶ 16}** While we appreciate Hearn's concern and do not disagree that there is *potential* for error where jail-time credit is reflected in only one of multiple judgment entries imposing consecutive sentences, there is currently no *actual* controversy here. Right now, Hearn raises only a potential controversy. An actual controversy will arise only if case No. 2017 CR 0449 is for some reason rendered void—and there is no reason to believe this will happen.

**{¶ 17}** "It has been long and well established that it is the duty of every judicial tribunal to decide actual controversies between parties legitimately affected by specific facts and to render judgments which can be carried into effect. It has become settled judicial responsibility for courts to refrain from giving opinions on abstract propositions and to avoid the imposition by judgment of premature declarations or advice upon potential controversies." *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970).

**{¶ 18}** Hearn identifies only a *potential* controversy here. As the judgments currently stand, they correctly reflect that Hearn is entitled to a single credit against his aggregate sentence.

**{¶ 19}** Hearn also claims that "he should receive 269 rather than 215 days of jail time credit and that the trial court's calculation is inaccurate." "It is appellant's duty to show an error in the jail-time credit calculation * * *." *State v. Reeves*, 10th Dist. Franklin No. 09AP-493, 2010-Ohio-4018, ¶ 33. *See also State v. Corpening*, 2019-Ohio-4833, 137 N.E.3d 116, ¶ 27 (11th Dist.) ("The burden is on [the defendant] to establish

10.

the court erred in its jail-time award."). Where the defendant fails to demonstrate error and no miscalculation in the jail-time credit is apparent from the record, "any claimed error must be overruled." *Reeves* at ¶ 33.

{¶ 20} Here, Hearn was credited with 269 days credit in case No. 2018 CR 0192 and 215 days in case No. 2017 CR 0449. He fails to explain why he believes that this is inaccurate, and a miscalculation of jail-time credit is not readily apparent from the record. We also observe that the transcript of Hearn's sentencing hearing is not included in the record, so we are unaware whether the court explained its rationale for the credit it calculated. We, therefore, reject Hearn's argument that he was entitled to a 269-day credit instead of the 215-day credit he received in case No. 2017 CR 0449.

{¶ 21} Accordingly, we find Hearn's sole assignment of error not well-taken.

### III. Conclusion

{¶ 22} Where a trial court imposes consecutive sentences, jail-time credit is applied one time against the aggregate sentence. Hearn's concern here—that providing the full amount of jail-time credit in one judgment entry and zero days of credit in another judgment entry could result in bureaucratic error should the first sentence someday be declared void—raises only a *potential* controversy. The judgments as they stand now correctly reflect the jail-time credit to which Hearn is entitled. As to the calculation of the number of days of credit, Hearn fails to explain how that credit was miscalculated, and it is not evident from the record.

11.

**{¶ 23}** We affirm the November 13, 2019 judgments of the Erie County Court of Common Pleas. Hearn is ordered to pay the costs of this appeal under App.R. 24.

Judgments affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Arlene Singer, J.

Christine E. Mayle, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.