[Cite as *State v. Hanlan*, 2022-Ohio-4206.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 111385 |
| v. | : | |
| WILLIAM HANLAN, JR., | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 23, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-627636-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Katherine Mullin, Assistant Prosecuting Attorney, *for appellee.*

William Hanlan, Jr., *pro se.*

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant, William Hanlan, Jr. ("Hanlan"), pro se, appeals the trial court's denial of his motion for jail-time credit for the days of electronically

monitored house arrest he completed as a condition of his bond. For the following reasons, we affirm the trial court's judgment.

{¶ 2} On April 6, 2018, Hanlan was arrested following the shooting death of Nicholas Russell outside Mandy's Lounge in Cleveland. On April 9, 2018, the Cleveland Municipal Court set Hanlan's bond at $250,000.

{¶ 3} On April 20, 2018, Hanlan was bound over to the Cuyahoga County Court of Common Pleas and charged with two counts of murder in violation of R.C. 2903.02(A) (Counts 1 and 2) and two counts of felonious assault in violation of R.C. 2903.11(A)(1) and (2), respectively (Counts 3 and 4). Each count of the indictment carried both one- and three-year firearm specifications.

{¶ 4} On April 25, 2018, Hanlan pled not guilty to the indictment and the trial court continued the $250,000 bond, imposed court-supervised release with home detention GPS monitoring, and ordered Hanlan to have no contact with the surviving victims. On May 3, 2018, Hanlan filed a motion for bond reduction, which the trial court later granted, reducing Hanlan's bond to $100,000 and ordering "GPS monitoring with work." (Journal entry, May 31, 2018.)

{¶ 5} On June 10, 2019, Hanlan withdrew his not guilty plea and pled guilty to amended Count 1, involuntary manslaughter in violation of R.C. 2903.04(A), a first-degree felony, with a one-year firearm specification. The remaining counts and specifications were deleted.

{¶ 6} The matter proceeded to sentencing on July 31, 2019. The trial court sentenced Hanlan to six years in prison, one year for the firearm specification and a

consecutive five years for the underlying charge of involuntary manslaughter. The trial court credited Hanlan with 55 days in jail. On March 3, 2020, the trial court amended Hanlan's jail-time credit from 55 days to 59 days, calculating "from 4/9/2018 through 6/1/2018 (53 days) and from 7/31/2019 through 8/6/2019 (6 days) for a total of 59 days." (Journal entry, Mar. 3, 2020.)

{¶ 7} On December 3, 2020, Hanlan filed a pro se motion requesting an additional 424 days of jail-time credit, for a total of 483 days, arguing that after he posted bond on June 1, 2018, he was placed on electronically monitored house arrest until his sentencing on July 31, 2019, and during this time was confined to his house from 9:00 p.m. to 5:30 a.m. and could only leave for work, court, and work- and court-related travel. On December 16, 2020, the state of Ohio ("state") opposed the motion, arguing that GPS monitoring and a curfew were conditions of Hanlan's bond and that only confinement in a public or private facility, not in a personal residence, qualified for jail-time credit. On March 29, 2021, the trial court denied the motion.

{¶ 8} Following a motion for delayed appeal, which was granted by this court, Hanlan now appeals the trial court's judgment, raising a single assignment of error for review:

> The trial court erred when it denied [Hanlan's] motion for jail time credit for days [he] successfully completed on electronically monitored house arrest (EMHA) as part of its imposition of bond and when a subsequent prison term was imposed by the court.

{¶ 9} In his sole assignment of error, Hanlan contends that the trial court erred in denying his motion for additional jail-time credit. He maintains that house arrest is defined as "confinement" under R.C. 2929.01(P) and therefore, pursuant to R.C. 2967.191(A), he should receive jail-time credit for the 424 days he was placed on house arrest. The state counters that the motion was properly denied because Hanlan's GPS monitoring with work and court privileges is not confinement in a public or private facility and does not qualify for jail-time credit.

{¶ 10} "'An error in the computation of jail-time credit is subject to review under R.C. 2953.08(G)(2).'" *State v. Young*, 8th Dist. Cuyahoga No. 110973, 2022-Ohio-3132, ¶ 109, quoting *State v. Hearn*, 6th Dist. Erie Nos. E-19-067, E-19-076, E-19-077, and E-19-078, 2021-Ohio-86, ¶ 6. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the appellate court clearly and convincingly finds that either the record does not support the sentencing court's findings as required by relevant sentencing statutes or the sentence is otherwise contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, 22.

{¶ 11} R.C. 2967.191(A) governs jail-time credit and provides that

> [t]he department of rehabilitation and correction shall reduce the prison term of a prisoner, as described in division (B) of this section, by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term, as

determined by the sentencing court * * * and confinement in a juvenile facility[.]

{¶ 12} Analyzing the language of this statute in the context of postconviction house arrest, the Ohio Supreme Court held that R.C. 2967.191(A) "limits a jail-time credit to specific types of confinement, those in which the defendant is confined in a public or private facility." *State v. Reed*, 162 Ohio St.3d 554, 2020-Ohio-4255, 166 N.E.3d 1106, ¶ 19. In *Reed*, the court reasoned that because each type of confinement set forth in R.C. 2967.191(A) "involves a public or private facility intended for penal confinement," the legislature intended "that jail-time credit * * * be given only for the time the defendant is confined in a public or private facility" and, therefore, "[c]onfinement in a personal residence * * * does not qualify under the statute." *Id.* at ¶ 16.

{¶ 13} This court has recently found that the holding in *Reed* also applies to pretrial house arrest imposed as a condition of the defendant's bond. *See State v. Brown*, 2021-Ohio-3348, 178 N.E.3d 148, ¶ 30 (8th Dist.) ("only confinement in a public or private facility counts for the calculation of jail-time credit likewise extends to time spent on house arrest before conviction."). Our holding in *Brown* is consistent with the case law in this and other appellate districts before and after *Reed. See State v. Wilkins*, 8th Dist. Cuyahoga Nos. 108101 and 108102, 2019-Ohio-4679, ¶ 13 ("[B]ecause appellant's GPS home detention does not constitute confinement, he is not entitled to jail-time credit against the prison sentence for time served on home detention."); *State v. Jeko*, 6th Dist. Lucas No. L-18-1093, 2019-

Ohio-2044, ¶ 10 ("[E]lectronic monitoring that is imposed as a pre-trial condition of bond is generally not 'detention' and, therefore, not 'confinement' for purposes of R.C. 2967.191(A)."); *State v. Nichols*, 2d Dist. Champaign No. 2020-CA-2, 2020-Ohio-4596, ¶ 15-16 (finding that the holding in *Reed* is analogous to Second District precedent that pretrial electronically monitored house arrest as a condition of bond does not constitute confinement or detention for purposes of awarding jail-time credit).

**{¶ 14}** Here, the trial court imposed pretrial home detention with GPS monitoring as a condition of Hanlan's bond. Hanlan remained on house arrest 424 days from the day he posted bond on June 1, 2018, until the day he was sentenced to prison on July 31, 2019. Because pretrial electronically monitored house arrest is excluded from the calculation of jail-time credit, the trial court properly excluded from its calculation of jail-time credit the 424 days that Hanlan remained on house arrest.

**{¶ 15}** Accordingly, Hanlan's sole assignment of error is overruled.

**{¶ 16}** Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

ANITA LASTER MAYS, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR