[Cite as *State v. Wells*, 2023-Ohio-1753.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                              :

    Plaintiff-Appellee,              :

                                      No. 112354

    v.                               :

ELLORD WELLS,                              :

    Defendant-Appellant.             :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** May 25, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-11-554092-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Katherine E. Mullin, Assistant Prosecuting Attorney, *for appellee.*

Ellord Wells, *pro se.*

FRANK DANIEL CELEBREZZE, III, P.J.:

{¶ 1} Defendant-appellant Ellord Wells, pro se, brings the instant appeal challenging the trial court's denial of several motions relating to jail-time credit. After a thorough review of the facts and law, we reverse and remand with instructions to award 23 additional days of jail-time credit to Wells.

## I. Factual and Procedural History

{¶ 2} Wells was indicted in September 2011 and charged with breaking and entering in violation of R.C. 2911.13(A), vandalism in violation of R.C. 2909.05(B)(1)(a), theft in violation of R.C. 2913.02(A)(1), and resisting arrest in violation of R.C. 2921.33(A). Wells accepted a plea deal and pled guilty to breaking and entering and resisting arrest and was sentenced to one year of community-control sanctions, which included three months at the Harbor Light Complex ("Harbor Light").

{¶ 3} While completing his community-control sanctions, Wells was indicted in a separate case, Cuyahoga C.P. No. CR-12-568017-A[1] and charged with rape and kidnapping. As a result of this new indictment, the court found that Wells had violated the terms of his community-control sanctions. He was subsequently sentenced to one year in prison, to run consecutive to the sentence imposed in CR-12-568017-A. The judgment entry provided that Wells was entitled to 199 days of jail-time credit.

{¶ 4} In January 2020, December 2020, March 2022, and July 2022, Wells filed motions for jail-time credit. In the January 2020 and December 2020 motions, Wells argued that he was entitled to an additional 121 days of jail-time credit, citing the 24 days spent in jail after his initial arrest before he posted bond, the seven days he spent in jail awaiting transport to Harbor Light, and the three months (90 days)

---

[1] This court affirmed Wells's convictions in CR-12-568017-A on appeal. *State v. Wells*, 8th Dist. Cuyahoga No. 100365, 2014-Ohio-3032.

that he spent at Harbor Light. In support of his motion, Wells referred the trial court to the docket.

{¶ 5} Wells's March 2022 motion asked for the same 121 days, but included a note to the trial court arguing that because he was unable to leave Harbor Light and because Harbor Light is a lockdown facility, the 90 days spent at Harbor Light should be considered confinement and therefore, count towards his jail-time credit.

{¶ 6} In the final motion from July 2022, Wells asked for 122 days, adding another day onto the time spent in jail waiting for transport to Harbor Light. The state did not respond to any of Wells's motions for jail-time credit. In September 2022, the trial court issued a judgment entry noting that it was granting Wells's July 2022 motion, awarding Wells 90 days of jail-time credit.

{¶ 7} Twenty-one days later, in October 2022, Wells filed a "Motion for Reconsideration of Jail Time Credit Motions Previously Filed," asking the trial court to award him the additional "30 days the defendant was entitled to"[2] as well as another motion for jail-time credit delineating these days, noting that "the docket reflect[s] the defendant was incarcerated on these days." Wells also filed a "Motion to Notify the Clerk to Send the 9/14/2022 Decision to BOSCO," asking the trial court to send its judgment entry awarding him 90 days of jail-time credit to the Bureau of Sentence Computation.

---

[2] In all of his jail-time credit motions, Wells requested either 121 or 122 days. The court awarded him 90, so all his motions left either 31 or 32 additional days outstanding. In his reconsideration motion, Wells argued that he spent 23 days in jail before posting bond and another seven days in jail awaiting transport to Harbor Light, for a total of 30 days.

{¶ 8} In January 2022, the trial court issued judgment entries (1) granting Wells's motion to notify BOSCO; (2) denying Wells's motion for jail-time credit as moot; and (3) denying Wells's motion for reconsideration as moot.

{¶ 9} Wells appeals the denial of his October 2022 motions for jail-time credit and reconsideration, assigning a single error for our review:

> The trial court abused its discretion when it denied the appellant's renewed JTC motion and reconsideration motion as moot.

## II. Law and Analysis

{¶ 10} "'An error in the computation of jail-time credit is subject to review under R.C. 2953.08(G)(2).'" *State v. Jones*, 8th Dist. Cuyahoga No. 110412, 2021-Ohio-4175, ¶ 9, quoting *State v. Hearn*, 6th Dist. Erie Nos. E-19-067, E-19-076, E-19-077, and E-19-078, 2021-Ohio-86, ¶ 6. Appellate courts may increase, decrease, modify, or vacate and remand a disputed trial court sentence "if it clearly and convincingly is demonstrated that either the record of evidence does not support applicable statutory findings or the sentence is otherwise contrary to law." R.C. 2953.08(G)(2). On appeal, a defendant bears the burden of demonstrating that a trial court erred in its calculation of jail-time credit. *State v. Watkins*, 8th Dist. Cuyahoga No. 105625, 2017-Ohio-8322, ¶ 7.

{¶ 11} R.C. 2967.191(A) mandates that prison terms shall be reduced pursuant to related days of confinement. The section pertinently mandates that

> [t]he department of rehabilitation and correction shall reduce the prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including

confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term * * *[.]

R.C. 2929.19(B)(2)(g)(i) directs trial courts, during sentencing, to notify the offender of the total days that their sentence shall be credited based on days already confined. Courts have continuing jurisdiction to correct this calculation, and an offender may raise the issue of credit "at any time after sentencing." R.C. 2929.19(B)(2)(g)(iii).

{¶ 12} On appeal, Wells argues that the trial court erred in only granting him 90 days of jail-time credit for the 90 days spent at Harbor Light and "forgot" to include "the 22 days[3] spent in jail before the appellant made bond and the 8 days spent in jail waiting to go to Harbor Lights [sic] after sentencing." Wells argues that the 199 days credit given at sentencing were from when "the appellant sat in the county from 12/14/2012 to 7/1/2013, which equals 199 days exactly," the time that Wells was jailed after violating his community-control sanctions.

{¶ 13} The state responds that the trial court's grant of an additional 90 days to the 199 days initially credited to Wells was incorrect because "[b]y the state's count, Wells was only entitled to 230 days of jail time credit. He has already received more than he should have." The state did not explain how it arrived at 230 days nor

---

3 On appeal, Wells argues for the first time that he is entitled to 22 days rather than 23 or 24 days for the time served prior to posting bond. We recognize that Wells, in all of his motions, maintains that he is entitled to jail-time credit for the days spent in jail before he posted bond, regardless of the fact that the number changes throughout.

did it explain why 90 days of credit was error.[4]  Further, the state did not appeal the trial court's decision granting Wells an additional 90 days, so that issue is not properly before this court.

{¶ 14} Wells's contention that he was not properly credited the time before he posted bond is meritorious.  The record reflects that Wells was initially arrested on August 29, 2011, and posted bond on September 21, 2011, a total of 23 days.  After the court determined that Wells was in violation of his community control, a capias was issued and Wells was arrested on December 14, 2012, and remained in jail until the community-control violation hearing on July 1, 2013, for a total of 199 days.  Plainly, Wells was not credited for the time served before he posted bond and, pursuant to R.C. 2967.191, he is unequivocally entitled to receive jail-time credit for such time.

{¶ 15} However, the docket does not reflect the seven or eight days that Wells "spent in jail waiting to go to Harbor Lights [sic] after sentencing."  On January 5, 2012, Wells was sentenced to community-control sanctions, which included the three-month remand to Harbor Light.  Despite Wells's continuous references to the docket for evidence of these transportation days, we were unable to find an entry on

---

[4] We speculate that the state's contention that Wells has already received more days of credit than he is entitled to stems from a belief that Wells was not entitled to 90 days for his time served at Harbor Light but was entitled to the 23 days he was jailed prior to posting bond and presumably, 8 days for the time spent awaiting transfer to Harbor Light for a total of 31 days.  Nonetheless, the state never appealed the trial court's award of 90 days of jail-time credit nor did it set forth any arguments as to why Wells was not entitled to 90 days of credit for his time spent at Harbor Light, so the issue of jail-time credit received for Wells's time spent at Harbor Light is not properly before us.

the docket reflecting any jail time served prior to transportation to Harbor Light. It is not clear from the record before us if, or when, Wells was transported to Harbor Light. Wells has never submitted any documentation reflecting the eight days he believes he is entitled to before transport to Harbor Light, such as his jail admission records, Harbor Light admission records, transportation records, or any other documentation that could demonstrate Wells's entitlement to these days. Accordingly, Wells has not satisfied his burden requiring him to clearly and convincingly demonstrate that he is entitled to these transportation days.

{¶ 16} Nonetheless, the record clearly supports that Wells was entitled to credit for the 23 days spent in jail before he posted bond. We therefore find that Wells is entitled to an additional 23 days of jail-time credit and partially sustain his sole assignment of error.

### III. Conclusion

{¶ 17} Wells's sole assignment of error is sustained as it relates to the 23 days of jail-time credit that Wells served before posting bond. We therefore remand the instant matter with instructions for the trial court to award an additional 23 days of jail-time credit to Wells.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK DANIEL CELEBREZZE, III, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
LISA B. FORBES, J., CONCUR