[Cite as *State v. Houston*, 2025-Ohio-370.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                           :

    Plaintiff-Appellant,          :

                                                       No. 113873

    v.                           :

AUTAVION HOUSTON,                         :

    Defendant-Appellee.           :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** February 6, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-665122-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Frank Romeo Zeleznikar and Owen Knapp,[1] Assistant Prosecuting Attorneys, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and Rick Ferrara, Assistant Public Defender, *for appellee.*

---

[1] Attorney Knapp entered a notice of appearance for oral argument purposes on December 19, 2024.

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Pursuant to R.C. 2953.08(B)(2), the State of Ohio appeals, as of right, the trial court's determination of jail-time credit awarded to Autavion Houston. For the reasons that follow, this court reverses and remands to the trial court for a recalculation of jail-time credit.

## I. Procedural Background and Factual History

{¶ 2} On November 11, 2020, while on judicial release, Houston shot and killed Jovon Wells. (Tr. 22.)

{¶ 3} On December 19, 2020, Houston was involved in another incident where he shot and killed someone after being shot at himself. (Tr. 22.) He was arrested the following day on December 20 and held in the Cuyahoga County jail on a charge of murder indicted in Cuyahoga C.P. No. CR-20-655468-A ("the unrelated case"). Houston did not make bond.

{¶ 4} On November 12, 2021, the State indicted Houston for Jovon Wells's death, charging him in the instant case with aggravated murder (Count 1), murder (Count 2), felonious assault (Counts 3 and 4), involuntary manslaughter (Count 5), having weapons while under disability (Count 6), and criminal damaging or endangering (Count 7). Counts 1 through 6 each carried both one- and three-year firearm specifications. He was arraigned on November 17; Houston did not make bond during the pendency of the case.

{¶ 5} On January 11, 2021, the trial court issued a capias for Houston and placed holders on him in his two community-control cases because of the new

charges — Cuyahoga C.P. Nos. CR-19-641296-A and CR-19-643572-A ("the community-control cases").

{¶ 6} Following a jury trial in the unrelated case where he was acquitted of the murder offense, but found guilty of having a weapon while under disability (tr. 23), the trial court conducted a sentencing hearing on January 17, 2024, on the unrelated case and the community-control cases. The trial court found Houston in violation of the community-control cases, ordered him to serve 12 and 18 months, respectively, and awarded him 1,123 days of jail-time credit. Regarding the unrelated case, the trial court sentenced Houston to 36 months in prison and credited him with 1,088 days of jail-time credit.

{¶ 7} On April 15, 2024, the day of trial in the instant case, the State amended Count 5, involuntary manslaughter, by deleting the one-year firearm specification, and amended Count 6, having weapons while under disability, by deleting both the one- and three-year firearm specifications. Houston pleaded guilty to both Counts 5 and 6, as amended, and the State dismissed Counts 1, 2, 3, 4, and 7. The trial court proceeded directly to sentencing after Houston waived the preparation of a presentence-investigation report and imposed the jointly recommended prison sentence of 15 to 20 years. Relevant to this appeal, the State requested that Houston's sentence run consecutively to the 36-month sentence previously imposed months earlier in the unrelated case — CR-655468. Over objection, the trial court ordered Houston to serve the sentences concurrently and granted him 1,212 days of jail-time credit "to date."

## II.  The Appeal

{¶ 8}  The State now appeals, raising as its sole assignment of error that the trial court erred in awarding Houston jail-time credit that he earned in a separate and unrelated case.

{¶ 9}  "'An error in the computation of jail-time credit is subject to review under R.C. 2953.08(G)(2).'" *State v. Jones*, 2021-Ohio-4175, ¶ 9 (8th Dist.), quoting *State v. Hearn*, 2021-Ohio-86, ¶ 6 (6th Dist.).  *See also State v. Williams*, 2016-Ohio-8049, ¶ 10 (8th Dist.).  "An appellate court may increase, decrease, modify, or vacate and remand a disputed trial court sentence if it clearly and convincingly is demonstrated that either the record of evidence does not support applicable statutory findings or the sentence is otherwise contrary to law." *Hearn* at ¶ 6, citing R.C. 2953.08(G)(2); *State v. Claggett*, 2020-Ohio-4133, ¶ 30 (8th Dist.).

{¶ 10}  The parties do not dispute that Houston is entitled to 885 days of jail-time credit.  The only issue is whether Houston is entitled to jail-time credit from December 20, 2020 (when he was arrested on the unrelated case) and November 17, 2021 (when he was arraigned in the instant case).  According to the State, he is not; according to Houston, he is.

{¶ 11}  At the outset, Houston seems to suggest that he is entitled to the disputed jail-time credit because the State "manipulate[d] jail-time credit by deliberately delaying to indict the case so to take advantage of the fact that they have [him] in jail already and [did not] want him to earn jail time credit even though he is sitting in jail."  Houston has not supported this speculation with any facts in the

record, and absent any showing that the State in fact delayed indicting Houston for this purpose, we find his argument unpersuasive.

{¶ 12} The Equal Protection Clause guarantees defendants, who are unable to afford bail, credit for the time they are confined while awaiting trial. *State v. Fugate*, 2008-Ohio-856, ¶ 7. R.C. 2967.191(A), provides in relevant part:

> The department of rehabilitation and correction shall reduce the prison term of a prisoner. . . by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial.

{¶ 13} In *Fugate*, the defendant violated community control when he committed a burglary offense during his term of community-control sanctions. He was held in jail awaiting the disposition of both his community-control violation case and new burglary offense case. The trial court conducted a joint sentencing hearing and sentenced Fugate on both cases — 12 months on the community control violation and two years on the burglary case, to be served concurrently. The trial court only awarded Fugate with jail-time credit for the community-control case, not the burglary case. The Ohio Supreme Court concluded that the trial court erred in not applying jail-time credit toward each concurrent term. "When a defendant is sentenced to concurrent prison terms for multiple charges, jail-time credit pursuant to R.C. 2967.191 must be applied toward each concurrent prison term." *Id*. at syllabus.

{¶ 14} The State contends that *Fugate* does not apply in this case because Houston's cases, although ordered to be served concurrently, were separate and

unrelated, and that the sentencing hearings occurred months apart.[2]  Conversely, Houston contends that the principle in *Fugate* applies because the *Fugate* Court did not differentiate between related or unrelated cases but only focused on concurrency of the sentences.  The State is correct.

{¶ 15}  Recently, the Supreme Court, in a unanimous opinion, seemed to clarify that *Fugate* does not apply when the cases are unrelated.  *See State ex rel. Moody v. Dir., Ohio Bur. of Sentence Computation*, 2024-Ohio-5231.  The *Moody* defendant contended that he was entitled to an additional 165 days of jail-time credit on his Lake County case for time he spent in pretrial confinement in one of his Summit County cases.  The Court disagreed, finding that jail-time credit is not "all additive," and does not apply "to each concurrent sentence."  Interpreting R.C. 2967.191(A), the Court stated:

> [J]ail-time credit is offense specific:  It applies only to the sentence corresponding to the offense for which the prisoner was confined before receiving the sentence.  Accordingly, the jail-time credit a prisoner earns from his confinement for a criminal offense for which he was sentenced in one case does not apply against the prisoner's sentence imposed for a different criminal offense in a different case.

*Id*. at ¶ 9, citing *State ex rel. Rankin v. Mohr*, 2011-Ohio-5934, ¶ 2.  The Court specifically stated, "Moody fails to understand that his pretrial confinement for the offenses in the three Summit County cases was unrelated to his Lake County offense and sentence."  *Id*. at ¶ 11.  Accordingly, the Court determined that Moody was not

---

[2] The State also contends that Houston's 36-month sentence in CR-655468 was arguably satisfied by the time Houston was sentenced in this case due to the 1,088 days of jail-time credit awarded.

entitled to have his Lake County sentence reduced with the time spent in Summit County on unrelated offenses, even though he was serving his Lake County sentence concurrently with the Summit County sentences. *Id.*

{¶ 16} This court's previous interpretation of R.C. 2967.191 aligns with *Moody.* In *State v. Holley*, 2017-Ohio-1559, ¶ 15 (8th Dist.), this court held that a defendant is not entitled to jail-time credit for time served on unrelated offenses. *See also State v. Smiley*, 2013-Ohio-4495 (8th Dist.); *State v. Maddox*, 2013-Ohio-3140 (8th Dist.); *State v. DeMarco*, 2011-Ohio-5187 (8th Dist.) (offender not entitled to jail-time credit for any period of incarceration that arose from facts that are separate and apart from those on which his current sentence is based).

{¶ 17} The same principle applies in this case. Houston was confined in the Cuyahoga County Jail between December 20, 2020, and November 16, 2021, because he was awaiting trial and unable to post bond in the unrelated case — CR-655468.[3] These pretrial confinement days are separate and unrelated to the pretrial confinement days that he subsequently accrued following his indictment in the instant case on November 17, 2021. As such, the trial court should not have reduced Houston's sentence with jail-time credit that he did not accrue in relation to this case. Accordingly, we find that the trial court erred in its calculation of jail-time credit. The assignment of error is sustained.

---

[3] He was also subject to community control violation holders in CR-641296 and 643572.

**{¶ 18}** Judgment reversed and remanded to the trial court for the limited purpose of properly calculating the amount of jail-time credit afforded to Houston in this case.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, JUDGE

EILEEN A. GALLAGHER, A.J., and
EILEEN T. GALLAGHER, J., CONCUR