[Cite as *State v. Miller*, 2025-Ohio-5140.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 114867 |
| v. | : | |
| DELANO MILLER, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** November 13, 2025

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-687971-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Gregory J. Ochocki, Assistant Prosecuting Attorney, *for appellee.*

Berkman, Gordon, Murray & DeVan and William C. Livingston, *for appellant.*

EILEEN A. GALLAGHER, A.J.:

{¶ 1} Delano Miller ("Miller") appeals the trial court's order awarding him jail-time credit. For the reasons set forth below, we vacate the trial court's

calculation of jail-time credit and remand the matter to the trial court to recalculate Miller's jail-time credit.

**Facts and Procedural History**

{¶ 2} This matter concerns the calculation of Miller's jail-time credit.

{¶ 3} On August 8, 2024, Miller pled guilty to one count of drug trafficking in violation of R.C. 2925.03(A)(2), a first-degree felony, with major drug offender and forfeiture specifications; and one count of drug possession, a fifth-degree felony, in violation of R.C. 2925.11, with forfeiture specifications. The remaining counts were nolled.

{¶ 4} On August 29, 2024, the court held a hearing at which it sentenced Miller to four to six years in prison. At the hearing, the following discussion was had concerning jail-time credit:

> DEFENSE COUNSEL: He'll ask for jail time credit in the institution. I don't know if they will give it to him.
>
> THE COURT: Did he spend any time in jail?
>
> DEFENSE COUNSEL: He hasn't —
>
> THE COURT: He's been out on bond; right?
>
> THE DEFENDANT: I had five days in jail.

On August 31, 2024, the trial court issued a sentencing journal entry and awarded Miller one day of jail-time credit. The trial court then issued a nunc pro tunc journal entry on September 24, 2024, but made no changes to the jail-time credit award.

**{¶ 5}** On November 1, 2024, Miller filed a motion moving the court to award an additional seven days of jail-time credit alleging he was in custody from December 29, 2023 – January 3, 2024, and then again from February 13 – 14, 2024.

**{¶ 6}** On December 5, 2024, the trial court granted Miller's motion, in part, and denied it, in part, ordering that Miller was entitled to two additional days of jail-time credit from December 29 – December 30, 2023.

**{¶ 7}** Miller filed a motion for reconsideration of that order, in which he alleged that he was entitled to 19 days of jail-time credit. The trial court denied the motion stating, "Deft has received all jail-time credit he is entitled to as it pertains to this case."

**{¶ 8}** Miller then filed a delayed appeal alleging one assignment of error:

The trial court erred in calculating [Miller's] jail time credit.

**Law and Argument**

**{¶ 9}** "'An error in the computation of jail-time credit is subject to review under R.C. 2953.08(G)(2).'" *State v. Jones*, 2021-Ohio-4175, ¶ 9 (8th Dist.), quoting *State v. Hearn*, 2021-Ohio-86, ¶ 6 (6th Dist.).

> "An appellate court may increase, decrease, modify, or vacate and remand a disputed trial court sentence if it clearly and convincingly is demonstrated that either the record of evidence does not support applicable statutory findings or the sentence is otherwise contrary to law."

*Id.,* citing *id.,* citing R.C. 2953.08(G)(2).

**{¶ 10}** Our standard of review in this instance was succinctly stated by the Fourth District:

When raised on direct appeal, a reviewing court must check the trial court's calculation of jail-time credit to see if the calculation is supported by competent, credible evidence. If the calculation of jail-time credit is not supported by competent, credible evidence, plain error will be found.

*State v. Price*, 2020-Ohio-6702, ¶ 22 (4th Dist.).

{¶ 11} Upon review of the trial court's calculation of Miller's jail-time credit, we are unable to say that the calculation is supported by competent, credible evidence. The trial court awarded Miller one day of jail-time credit despite Miller stating on the record at the hearing that he spent five days in jail. We do note, however, that in the record there are two Ohio Department of Rehabilitation and Correction Notices of Calculation of Sentence filed in this case for Miller that calculate 11 days of jail-time credit and were accepted for filing by the clerk of court on October 2, 2024 and October 22, 2024 — months prior to the December 5, 2024 order.

{¶ 12} Despite the filing and Miller's statement, the trial court then awarded Miller only two additional days of jail-time credit for December 29 – December 30, 2023, after Miller alleged he was entitled to seven additional days in his motion for jail-time credit.

{¶ 13} There is not sufficient competent and credible evidence in the record to support the trial court's award of only three days of jail-time credit as it did. As such, the trial court committed plain error.

{¶ 14} We sustain Miller's assignment of error, vacate the trial court's judgment and remand the matter for the trial court to recalculate Miller's jail-time credit.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, ADMINISTRATIVE JUDGE

MARY J. BOYLE, J., CONCURS;
MICHELLE J. SHEEHAN, J., CONCURS IN JUDGMENT ONLY (WITH SEPARATE OPINION)


MICHELLE J. SHEEHAN, CONCURRING IN JUDGMENT ONLY:

{¶ 15} Respectfully, I concur in judgment only.

{¶ 16} I agree with the majority that the trial court's award of jail-time credit is not supported by the record. However, I would find the booking history report Miller attached to his motion for reconsideration contradicts the award of jail-time credit in this case, rather than the conveyance time calculations by the Ohio Department of Rehabilitation and Correction discussed by the majority.

**{¶ 17}** Miller has been awarded a total of three days of jail-time credit in this case (one day in the trial court's original sentencing entry and two additional days in the trial court's December 5, 2024 judgment entry.) In Miller's motion for reconsideration, he attached a report from the Cuyahoga County Sheriff's Office concerning his booking history. The report indicates that during the pendency of this case, and prior to sentencing, he was incarcerated from December 29, 2023 – January 2, 2024 and from February 13, 2024 – February 14, 2024, indicating that he was incarcerated more than the three days he has been awarded.[1] As such, the record indicates that the trial court's calculation of jail-time credit is not supported by the record.

**{¶ 18}** For these reasons, I concur in the majority's judgment to vacate the trial court's award of jail-time credit and remand to the trial court to recalculate jail-time credit. To the extent that Miller may believe that additional documentation is needed to aid in the trial court's calculation of jail-time credit, we note that R.C. 2929.19(B)(2)(g)(iii) provides the trial court with continuing jurisdiction to correct any error not previously raised at sentencing, providing an offender the

---

[1] The record also contains two Ohio Department of Rehabilitation and Correction Notices of Calculation of Sentence calculating 11 days of jail-time credit after sentencing. However, these days are conveyance days, which occur after sentencing while an offender is awaiting transfer to the institution and which the trial court is excluded from considering when awarding jail-time credit in its sentencing entry. R.C. 2929.19(B)(2)(g)(i). As a result, I would not find conveyance time relevant with respect to an analysis concerning whether the trial court awarded an offender the proper amount of jail-time credit.

opportunity to file a motion with the sentencing court and to properly present evidence outside of the record supporting this contention.